OPINION
{¶ 1} Defendant-appellant, James M. Strain, appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, granting the motion of plaintiff-appellee, Kristi R. Strain, to modify his spousal support obligation. We affirm the decision of the trial court.
 {¶ 2} The record reveals the following facts relevant to this appeal: The parties were divorced on November 13, 2001. The decree provided that appellant would pay $883 in child support for the parties' 15-year-old son, Evan, until emancipation, and $1,700 in spousal support for 72 months. The decree also provided that the court would retain jurisdiction over the amount of spousal support, but not its duration.
 {¶ 3} At the time of the divorce, Evan lived with his mother, appellee. Evan turned 18 in April, 2004. He quit school in May, 2004, at which time he moved out of his mother's home. On June 8, 2004, due to the fact that Evan reached 18 years of age and was no longer attending school, appellant's child support obligation ended.
 {¶ 4} On September 10, 2004, appellee moved to modify spousal support, and a hearing was held before a magistrate. The magistrate, in a decision filed on November 23, 2004, granted the motion to modify, ordering that appellant's spousal support obligation be increased $300. Objections to the decision of the magistrate were filed on December 2, 2004. By decision and entry filed January 12, 2005, the trial court overruled appellant's objections and adopted the decision of the magistrate. This appeal followed, in which appellant raises the following two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN DETERMINING THAT THE TERMINATION OF CHILD SUPPORT WAS A CHANGE IN CIRCUMSTANCE WARRANTING A MODIFICATION IN SPOUSAL SUPPORT IN FAVOR OF APPELLEE."
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT ABUSED IT [SIC] DISCRETION IN DETERMINING THERE WAS A CHANGE IN CIRCUMSTANCES PERMITTING A MODIFICATION OF SPOUSAL SUPPORT."
 {¶ 9} In his first assignment of error, appellant contends that the trial court erred in concluding that the termination of child support payments qualifies as a change of circumstances for purposes of modifying spousal support. In his second assignment of error, appellant argues that the trial court abused its discretion in finding a change of circumstances sufficient to modify spousal support. In slightly different ways, both assignments essentially allege that the trial court erred in finding a change of circumstances sufficient to modify the spousal support obligation. Thus, for clarity and ease of analysis, we consider them together.
 {¶ 10} We first note that a trial court has broad discretion in determining a spousal support award, including whether or not to modify an existing award. Swartz v. Swartz (1996), 110 Ohio App.3d 218. Thus, absent an abuse of discretion, a spousal support award will not be disturbed on appeal. Id. An abuse of discretion is more than an error of law or judgment; an abuse of discretion connotes that the trial court's decision was arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Additionally, this court must look at more than just the emancipation of Evan in conducting our review. "[W]e must look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably * * *" in modifying appellant's spousal support obligation. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67.
 {¶ 11} In exercising its discretion to modify an award of spousal support, a trial court must determine (1) that the divorce decree contained a provision specifically authorizing the court to modify the spousal support, and (2) that the circumstances of either party have changed. R.C. 3105.18(E).
 {¶ 12} Neither party disputes that the court was authorized to modify the support obligation. The parties' divorce decree granted the court continuing jurisdiction to modify the amount of spousal support throughout its duration. The dispute in this case centers on the court's determination that the change in circumstances requirement was met.
 {¶ 13} A change in circumstances "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). The change must be material, not purposely brought about by the moving party, and not contemplated at the time the parties entered into the prior agreement.Cooper v. Cooper, Clermont App. No. CA2003-05-038, 2004-Ohio-1368, ¶ 17.
 {¶ 14} Appellant contends that the magistrate's finding of a change of circumstances was based solely on the emancipation of Evan, and that the termination of child support payments accompanying Evan's emancipation was contemplated at the time of the divorce decree. Evan was 15 years old when the decree went into effect, and all parties were aware that in three years, when Evan turned 18, the child support payments to appellee would end. Accordingly, appellant argues, the trial court abused its discretion in finding a change of circumstances. For the following reasons, appellant's contention is not well-taken.
 {¶ 15} To begin, the record reveals the trial court considered more than just the emancipation of Evan in rendering its decision. The record reveals the court considered the totality of the circumstances, including the parties' salaries, earning capacities, and living expenses.
 {¶ 16} It is also clear from the record that the $300 increase in support is both reasonable and necessary. See Carnahan v. Carnahan
(1997), 118 Ohio App.3d 393 (holding that a modification of spousal support must be reasonable and necessary). Appellant's current annual income is $98,000, up from $94,909 at the decree. His monthly expenses decreased by $883 when his child support obligation ended. Appellee's income remained basically unchanged, while her expenses grew. Her ability to meet her expenses was already suffering and the loss of over $10,000 per year toward these expenses made it impossible. The trial court's finding that the increase is both reasonable and necessary is not an abuse of discretion.
 {¶ 17} Upon considering the foregoing under the totality of the circumstances, we cannot say the trial court abused its discretion in modifying appellant's spousal support obligation.
 {¶ 18} Judgment affirmed.
Walsh and Bressler, JJ., concur.