[Cite as *Pietrantano v. Pietrantano*, 2013-Ohio-4330.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| LINDA J. PIETRANTANO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-01-002 |
| | : | O P I N I O N |
| - vs - | | 9/30/2013 |
| | : | |
| MICHAEL A. PIETRANTANO, | : | |
| Defendant-Appellee. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 10 DR 33851

Crossman Law Firm, LLC, F. Ann Crossman, Michelle Maciorowski, 7051 Clyo Road, Centerville, Ohio 45459, for plaintiff-appellee

Trotter Law, LLC, Janaya L. Trotter, 3460 Reading Road, Cincinnati, Ohio 45229, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Michael A. Pietrantano ("Husband'), appeals a decision of the Warren County Common Pleas Court, Domestic Relations Division, denying his motion for a reduction in spousal support. For the reasons set forth below, we affirm the judgment of the trial court.

{¶ 2} After a 36-year marriage, Husband and Linda J. Pietrantano ("Wife") filed for

divorce in July 2010. During the pendency of the divorce proceedings, Husband was working as a sales engineer in Nashville, Tennessee, and received an annual base salary of $95,000. In addition, Husband resided in a fully-furnished apartment paid for by his then-employer. However, on January 1, 2011, Husband's pay structure changed and Husband's annual base salary decreased from $95,000 to $54,000 plus commissions at a rate of 18 percent and bonuses.

{¶ 3} On February 15, 2011, a final divorce hearing was held, approximately one month after Husband's base salary had been reduced to $54,000. At the hearing, both Husband and Wife testified that they anticipated Husband would still be able to earn $95,000 per year even though his base salary had decreased by $41,000. The trial court issued its final decree of divorce on April 7, 2011 (the "Final Decree"), wherein the parties agreed to an equalization of income. As to the issue of spousal support, the Final Decree provided as follows:

> Husband's previous pay through his current employer has been a base pay of $95,000.00 per year plus commissions. Due to internal changes in compensation at his employment, Husband's base pay is now $54,000.00 per year plus commissions. Commissions are paid on a monthly basis. The intent of the parties is to equalize the income until such time as Husband has received a total gross income in a calendar year of $95,000.00. Until that time, Husband's spousal support to Wife shall be one-half of the base pay which is $27,000.00 per year gross, or $2,250.00 per month gross plus one-half of the gross commissions. * * *

> Further, once Husband has earned $95,000.00 in total gross income, which includes base pay, commissions and/or any bonuses for the calendar year, potential income shall be imputed to Wife, and (sic) the current minimum wage standard, which at present is $15,392.00 per year, for purposes of calculating additional spousal support. * * *

> Therefore, the parties agree * * * that Wife is entitled to 50% of the gross amount of any income earned by Husband up to $95,000.00. At such time as Husband earns $95,000.00, the sum of $15,392.00 in income shall be imputed to Wife if Wife is not earning income or earning income less than $15,392.00. * * *

Husband's current income is $54,000.00 per year base salary plus commissions. Wife has no income. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Husband shall pay to Wife the sum of $2,250.00 per month effective March 1, 2011 and on the first of every month thereafter until such time as his base salary increases.

{¶ 4} On March 31, 2011, Husband was laid off from his job. The layoff occurred one week prior to the issuance of the Final Decree but after the final hearing had been held and the matter had been submitted to the trial court. Husband received unemployment compensation from April 2011 until November 2011, at which time he was able to secure new employment in Colorado as a commercial sales engineer. Husband's new employment included an annual base salary of $65,000 plus a commission rate of "four percent of gross margin profit dollars generated to the company." As of April 2012, Husband's year-to-date income generated from commissions is $182.

{¶ 5} Husband's new employment does not pay housing expenses. Therefore, Husband is now responsible for monthly rent, insurance, and utility expenses for an apartment which he was required to furnish at his own expense. However, Husband's new employer reimburses Husband for business mileage on his vehicle at the federal rate and for 70 percent of his business expenses.

{¶ 6} Due to the change in his salary and living expenses, Husband moved for a reduction in spousal support on March 28, 2012. A hearing on the matter was held June 15, 2012 (the "Spousal Support Hearing"), after which the magistrate denied Husband's motion. Upon a request for findings of fact and conclusions of law, the magistrate issued a decision determining that "the change in Husband's income was contemplated at the time of the final hearing, due to the agreement of a percentage of income being 50% of any gross income agreed to by the parties, as opposed to an agreement of a set amount." Further, the magistrate found that any increase in Husband's living expenses "appeared to be voluntary in nature."

- 3 -

{¶ 7} Husband objected to the magistrate's decision and, on December 21, 2012, the trial court overruled, in part, and sustained, in part, Husband's objections and otherwise adopted the decision of the magistrate.[1] The trial court found there was no substantial change in circumstances to warrant a modification of spousal support. In reaching this conclusion, the trial court determined that, based upon the unambiguous language of the Final Decree—specifically the fact that Husband's annual salary was identified as $54,000 and not $95,000—any change in Husband's income had been anticipated in the wording of the Final Decree and contemplated by the parties and the time the Final Decree was filed.

{¶ 8} From the trial court's decision, Husband appeals, raising two assignments of error. For ease of discussion, we shall address the assignments of error out of turn.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED IN FAILING TO INDEPENDENTLY REVIEW THE RECORD BY SOLELY RELYING ON THE MAGISTRATE'S DECISION AT ODDS WITH THE DICTATES OF OHIO CIV.R. 53.

{¶ 11} In his second assignment of error, Husband argues the trial court abused its discretion by failing to independently review the record and relying solely upon the magistrate's decision in contravention of Civ.R. 53(D)(4)(d). In support of this contention, Husband makes the following arguments: (1) the trial court failed to discuss more than one spousal support factor contained in R.C. 3105.18(C); (2) the trial court failed to "comment or reference" any portion of the record "unrelated to the Magistrate's Decision"; and (3) the trial court completely disregarded several of Husband's objections including his argument that his increased living expenses constituted a change in circumstances. In addition, Husband

---

1. The trial court overruled Husband's objections relating to the motion to modify spousal support but sustained Husband's objection that Wife should be required to pay one-half of an invoice relating to the maintenance of the marital residence. Issues relating to the marital residence were not appealed by the parties and are not currently before this court.

states that the "trial court had a responsibility to, at the very least, address [Husband]'s objections and state the court's basis for its decision in sufficient detail to enable a reviewing court to determine that the decision whether or not to modify the award is fair, equitable, and in accordance with the law."

{¶ 12} Civ.R. 53(D)(4)(d) provides:

> *Action on objections.* If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶ 13} The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function. Therefore, "a trial court may not 'merely rubber-stamp' a magistrate's decision." *McCarty v. Hayner*, 4th Dist. Jackson No. 08CA8, 2009-Ohio-4540, ¶17, citing *Knauer v. Keener*, 143 Ohio App.3d 789, 793 (2d Dist.2001); and *Roach v. Roach*, 79 Ohio App.3d 194, 207 (2d Dist.1992). A failure of the trial court to rule on the objections and conduct an independent review of the magistrate's recommendations as required by Civ.R. 53(D)(4)(d) is an abuse of discretion. *See Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 93, citing *Barrientos v. Barrientos*, 196 Ohio App.3d 570, 2011-Ohio-5734, ¶ 5 (3d Dist.). An abuse of discretion is more than an error of law or judgment but connotes that the trial court's decision was arbitrary, unreasonable, or unconscionable. *Strain v. Strain,* 12th Dist. Warren No. CA2005-01-008, 2005-Ohio-6035, ¶ 10.

{¶ 14} Ordinarily, a reviewing court will presume that the trial court performed an independent review of the magistrate's decision. *McCarty* at ¶ 18; *Cottrell* at ¶ 93. Thus, "the party asserting error bears the burden of affirmatively demonstrating the trial court's

failure to perform its duty of independent analysis." *Id.*; *Cottrell* at ¶ 93, citing *Gilleo v. Gilleo*, 3d Dist. Mercer No. 10-10-07, 2010-Ohio-5191, ¶ 46. "[S]imply because a trial court adopted the magistrate's decision does not mean that the court failed to exercise independent judgment." *Id.* A trial court may adopt a magistrate's decision in whole or in part pursuant to Civ.R. 53(D)(4)(b) so long as the trial court fully agrees with the magistrate's findings "after weighing the evidence itself and fully substituting its judgment for that of the [magistrate]." *In re Dunn*, 101 Ohio App.3d 1, 8 (12th Dist.1995), citing *DeSantis v. Soller*, 70 Ohio App.3d 226, 232 (10th Dist.1990).

{¶ 15} Husband first argues that the trial court's failure to address the spousal support factors enumerated in R.C. 3105.18(C) is evidence of the trial court's failure to undertake an independent review of the record and comply with Civ.R. 53(D)(4)(d).

{¶ 16} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support," the trial court must consider the 13 factors listed in R.C. 3105.18(C)(1) and any other factor the trial court finds relevant. R.C. 3105.18(C)(1). However, in order to *modify* a spousal support order, the trial court must determine that the circumstances of either party have changed and the divorce decree must contain a provision specifically authorizing the trial court to modify the amount or terms of spousal support. R.C. 3105.18(E) and (F). Since the trial court did not find a change in circumstances in this case, it was not required to discuss the R.C. 3105.18(C)(1) factors in its judgment entry denying appellant's motion for reduction of spousal support. *Jacobsen v. Jacobsen*, 7th Dist. Mahoning No. 03 MA 3, 2004-Ohio-3045, ¶ 30; *Hill v. Hill*, 12th Dist. Clermont Nos. CA2004-08-066 and CA2004-09-069, 2005-Ohio-5370, ¶ 5 (analyzing first whether a substantial change in circumstances has occurred to warrant modification and then determining whether modification was appropriate under R.C. 3105.18(C)). Therefore, the fact that the trial court did not address these factors is not

evidence of its failure to independently review the record.

{¶ 17} Husband next argues that the trial court's failure to "comment or reference" any portion of the record beyond the Final Decree and the magistrate's decision sufficiently demonstrates the trial court's lack of an independent review of the record.

{¶ 18} The fact that the trial court did not cite to any specific portion of the transcript or any exhibit admitted into evidence beyond these relied upon by the magistrate does not demonstrate that the trial court failed to undertake an independent review as to the objected matters. *Cottrell*, 2013-Ohio-2397 at ¶ 94. "'While citing such material would tend to demonstrate that the trial court conducted the requisite independent review, there is no requirement in Civ.R. 53(D)(4)(d) that the trial court do so.'" *Id.*, quoting *Hampton v. Hampton*, 12th Dist. Clermont No. CA2007-03-033, 2008-Ohio-868, ¶ 17.

{¶ 19} Finally, Husband contends that the trial court's complete disregard of several of his objections demonstrates the trial court's failure to comply with Civ.R. 53(D)(4)(d) as required. Specifically, Husband contends that the trial court "wholly ignored" his arguments that (1) both Husband and Wife did not contemplate a change in Husband's income at the time of the final hearing; (2) Husband's living expenses had increased; and (3) income should be imputed to Wife to equalize the parties' income.

{¶ 20} As stated above, Civ.R. 53(D)(4)(d) provides that, if one or more objections to a magistrate's decision are timely filed, "the court shall rule on those objections," and, in so ruling, "the court shall undertake an independent review as to the objected matters[.]" Contrary to Husband's argument, this rule does not require the trial court to *address* each and every portion of an objection raised by the party, but to *rule* on each objection.

{¶ 21} In his "Objection to Magistrate's Decision," Husband provides as his first objection: "[Husband's] request for a reduction in spousal support should have been granted." Within this objection, Husband argued that a substantial change in circumstances

had occurred due to Husband's decrease in income and increase in living expenses. Husband further claimed in his first objection that the parties did not contemplate these changes at the time of the Final Decree and that income should be imputed to Wife so as to truly equalize the parties' incomes.

{¶ 22} In its "Entry Overruling in Part and Sustaining in Part Objections to the Magistrate's Decision," the trial court discussed Husband's "first objection," stating that Husband "argues that he makes considerably less money now than was contemplated by the Judgment Decree of Divorce" and that he "claims that he is unable to pay his bills after paying Wife $2,708 per month in spousal support." After an albeit brief and cursory review of the arguments raised by Husband, the trial court overruled Husband's first objection in its entirety.

{¶ 23} While we acknowledge that it would be a better practice for the trial court to more fully discuss and review all aspects of a party's objections, we find that the trial court *ruled* on the entirety of Husband's first objection in compliance with Civ.R. 53(D)(4)(d). As such, we find that Husband has not affirmatively demonstrated that the trial court failed to conduct an independent review of the record. The fact that the trial court did not reference Husband's arguments or give as great a depth to the objection as it could have, and perhaps should have, does not establish that the trial court violated Civ.R. 53(D)(4)(d) in ruling on the objections and undertaking an independent review of the record.[2]

{¶ 24} Based upon the foregoing, we find that the trial court did not abuse its discretion by allegedly failing to conduct an independent review of the record in contravention of Civ.R.

---

2. We additionally note that the trial court further demonstrated its independent review of the record by sustaining Husband's objection that he be required to fully pay an invoice relating to maintenance of the marital home. The trial court found that the magistrate was incorrect in ruling that Husband must pay the invoice and altered the magistrate's award to require Wife to pay one-half of the invoice. Though the invoice issue was not raised on appeal, the trial court's sustaining of Husband's objection indicates that it independently reviewed the record in ruling on all of Husband's objections. This supports the argument that the trial court did more than just "rubber-stamp" the magistrate's decision.

53(D)(4)(d). Accordingly, Husband's second assignment of error is overruled.

{¶ 25} Assignment of Error No. 1:

{¶ 26} THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR REDUCTION OF SPOUSAL SUPPORT.

{¶ 27} In his first assignment of error, Husband argues the trial court erred in finding that there was no substantial change in circumstances to warrant a reduction in his spousal support obligation and that such a finding was against the manifest weight of the evidence.

{¶ 28} "A trial court has broad discretion in determining a spousal support award, including whether or not to modify an existing award." *Hutchinson v. Hutchinson*, 12th Dist. Clermont No. CA2009-03-018, 2010-Ohio-597, ¶ 16, citing *Strain v. Strain,* 12th Dist. Warren No. CA2005-01-008, 2005-Ohio-6035 at ¶ 10. Thus, absent an abuse of discretion, a spousal support award or modification will not be disturbed on appeal. *Id.*

{¶ 29} "In exercising its discretion to modify a spousal support award, a trial court must determine: '(1) that the divorce decree contained a provision specifically authorizing the court to modify the spousal support, and (2) that the circumstances of either party have changed.'" *Hutchinson* at ¶ 17; *Strain* at ¶ 11; R.C. 3105.18(F). The party seeking modification of a spousal support obligation bears the burden of showing that the modification is warranted. *Hutchinson* at ¶ 17; *Hill*, 2005-Ohio-5370 at ¶ 5.

{¶ 30} In determining whether the trial court's finding was supported by the greater amount of credible evidence, this court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Schneble v. Stark*, 12th Dist. Warren Nos. CA2011-06-063 and CA2011-06-064, 2012-Ohio-3130, ¶ 67; *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohi-2179, ¶ 12. "[E]very reasonable presumption must

- 9 -

be made in favor of the judgment and the finding of facts." *Volkman* at ¶ 21. "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment * * *." *Id.*

{¶ 31} Neither party disputes that the trial court was authorized to modify the spousal support obligation in this case. The parties' divorce decree granted the trial court continuing jurisdiction to modify the amount of spousal support throughout its duration.[3] The dispute in this case centers on the trial court's determination that the change in circumstances requirement was not met and, specifically, that the change in circumstances was not substantial and had been contemplated by the parties at the time of the Final Decree.

{¶ 32} A change in circumstances "includes, but it not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F); *Strain*, 2005-Ohio-6035 at ¶ 13. The change in circumstances must be (1) substantial, making the existing award no longer reasonable and appropriate; (2) not purposely brought about by the moving party; and (3) not contemplated by the parties or the court at the time the parties entered into the prior agreement. *Strain* at ¶ 13; *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, ¶ 31-32; R.C. 3105.18(F).

{¶ 33} At the Spousal Support Hearing, Wife testified that she believed the spousal support award in the Final Decree was based upon a "tier" system. First, Wife was to receive one-half of any income earned by Husband below $95,000. Next, Wife was to receive one-half of any income earned by Husband above $95,000 less minimum wage (approximately $15,000 at the time of the Final Decree) which would be imputed to Wife. Finally, Wife was

---

3. A portion of the Final Decree provides:

> The parties further agree that the spousal support shall be subject to the continuing jurisdiction of the Court and modifiable upon a change of circumstances which shall include cohabitation with an unrelated third party.

to receive one-half of any bonuses and commission earned by Husband. During his testimony, Husband agreed that this was the structure of the spousal support award as contained in the Final Decree.

{¶ 34} The Final Decree listed Husband's salary as $54,000 per year plus commissions and provided that, in following the intent of the parties to equalize their income, Husband shall pay Wife one-half of his base salary, or $27,000, and one-half of his commissions "until such time as Husband has received a total gross income in a calendar year of $95,000.00." Contrary to Husband's contentions, there is no indication in the Final Decree that Husband *will* make $95,000 per year or that a change in circumstances would occur if Husband failed to make $95,000 per year. Rather, the decree provides that, once Husband earns $95,000 in total gross income in one year, his spousal support payments will be offset by an imputation of income to Wife.

{¶ 35} If Husband's argument that the parties anticipated Husband would make $95,000 per year is accepted as true, then there would have been no reason why the Final Decree would not have provided that Husband pay to Wife the sum of $47,500, or one-half of his $95,000 base salary. Instead the Final Decree provides that Wife is entitled to one-half of any income earned by Husband *up to* $95,000. Though Husband argues that the trial court's use of $54,000 as his base salary was simply a "mistake" on the part of the trial court, we disagree and find no support for this conclusion in the record. We find the intent of the parties as set forth in the Final Decree was to equalize their incomes, whether Husband's income be more or less than $95,000 per year, and that it was contemplated by the parties and the trial court that Husband's salary could be less than $95,000 per year.

{¶ 36} Thus, the unambiguous spousal support language contained in the Final Decree provided that the parties would equalize their incomes by Husband providing Wife one-half of his income until he reaches a yearly income of $95,000, at which time minimum

wage income would be imputed to Wife. The fact that Husband's income has changed from $54,000 per year plus commissions to $65,000 per year plus a lower percentage of commissions does not alter the language of the Final Decree or demonstrate a substantial change in circumstances.

{¶ 37} Husband also contends that a change in circumstances occurred in this case due to an increase in his living expenses. Specifically, Husband argues that his monthly income after his spousal support obligation is $2,708 while his monthly expenses, not including groceries and health insurance, total approximately $4,722. Thus, Husband argues that a substantial change in circumstances has occurred based upon an increase in his living expenses. Within this argument, Husband also asserts that the trial court failed to address this argument pursuant to Civ.R. 53(D)(4)(d).

{¶ 38} As we have previously discussed above, though the trial court did not specifically address Husband's contention that his increased living expenses constituted a change in circumstances, the trial court overruled Husband's entire first objection which included the increased living expenses argument. Therefore, the trial court complied with Civ.R. 53(D)(4)(d). The remaining issues before us, then, are whether the trial court abused its discretion in overruling that objection and whether such a decision was against the manifest weight of the evidence.

{¶ 39} The evidence from the June 15, 2012 Spousal Support Hearing provided that Husband lived in a fully furnished apartment paid for by his former employer at the time the Final Decree was filed. Husband's new employer, however, does not supply such a living arrangement and Husband has been required to pay monthly rent, insurance, utilities, and furniture expenses since November 2012. During the Spousal Support Hearing, Husband provided the trial court with an exhibit setting forth a comparison of his expenses at the time of the Final Decree with his current expenses. As part of his current expenses, Husband

included spousal support, which is not a living or medical expense as provided by R.C. 3105.18(F)(1). Husband also failed to include the mileage reimbursement he receives from his current employer as well as the 70 percent of business expenses that his employer reimburses.

{¶ 40} In removing the spousal support from Husband's current expenses, we find that Husband's monthly expenses at the time of divorce were $2,572 and his current monthly expenses, not including groceries and health insurance, total approximately $3,295. We find that such an increase in Husband's monthly expenses, less than $1,000 per month, does not constitute a substantial change in circumstances in this case and note that the $3,258 figure would be further reduced when Husband receives reimbursements from his employer. *See Mandelbaum*, 2009-Ohio-1222 at ¶ 32 (providing that a substantial change in circumstances is one that is drastic, material, and significant).

{¶ 41} Based upon the foregoing, we find that the trial court did not abuse its discretion in denying Husband's motion for reduction of spousal support and that such a determination was not against the manifest weight of the evidence. The change in Husband's yearly income and the minimal increase in his living expenses do not constitute substantial changes in circumstances as contemplated by R.C. 3105.18(F).

{¶ 42} Accordingly, Husband's first assignment of error is overruled.

{¶ 43} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.