[Cite as *Bixler v. Bixler*, 2017-Ohio-7022.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


TOMMIE WAYNE BIXLER,                  :

    Plaintiff-Appellant,             :

  - vs -                               :

NANCY LOUISE BIXLER n.k.a.            :
NANCY LOUISE SHELTON,

    Defendant-Appellee.              :

                                      CASE NO. CA2016-12-081

                                      O P I N I O N
                                      7/31/2017


APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2008 DRB 01447


John Woliver, 204 North Street, Batavia, Ohio 45103, for plaintiff-appellant

Faris & Faris, Matthew V. Faris, 40 South Third Street, Batavia, Ohio 45103, for defendant-appellee


**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, Tommie Wayne Bixler ("Husband"), appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, denying his motion to terminate spousal support to defendant-appellee, Nancy Louise Bixler n.k.a. Nancy Louise Shelton ("Wife").

{¶ 2} After a 25-year marriage, Husband and Wife divorced on December 31, 2009. The original divorce decree required Husband to pay Wife the sum of $900 monthly as spousal support until Wife's death, remarriage, or cohabitation in a marriage-like relationship. The original decree also expressly stated the trial court "retains jurisdiction to modify the amount of the spousal support, based on a change of circumstances." The parties modified the terms of the divorce decree by an agreed entry on June 30, 2014. Wife relinquished her interest in Husband's public employment pension in consideration of Wife receiving Husband's interest in certain commercial property.

{¶ 3} On April 9, 2015, Husband filed a motion to modify or terminate spousal support, claiming an inability to work due to a back injury, vision issues, and a family history of cardiac health concerns. Husband's and Wife's annual gross income at the time was approximately $90,995 and $42,169, respectively. Around this same time, Husband had also filed an application for disability retirement through his employer, which was pending at the time Husband filed his motion to modify or terminate spousal support. Because Husband had filed an application for disability retirement, the trial court deferred ruling on Husband's motion until the pending application for disability retirement was resolved. Following the denial of Husband's application for disability retirement, the trial court denied Husband's request to terminate spousal support and modified the spousal support order to reflect the amount Wife began receiving from Husband's Naval Reserve Retirement. This modification reduced Husband's monthly spousal support obligation from $900 to $667.

{¶ 4} At some time after Husband's disability retirement application had been denied, he submitted to his employer a separation from service form indicating his intent to retire for "person [sic] reasons," effective December 31, 2015. Upon retirement, Husband chose a double-life annuity retirement benefit, which provided his current wife would continue to receive his pension should he predecease her. Husband's decision to retire early and the

- 2 -

selection of his double-life annuity resulted in a reduction of his annual pension from $46,124.93 to $33,231.91. Had Husband not selected the double-life annuity benefit, but still retired early, his annual pension would have been $39,096.37.

{¶ 5} On January 11, 2016, Husband filed the instant motion to terminate spousal support. Following a hearing on the matter, the magistrate denied Husband's motion. In so doing, the magistrate found Husband's income significantly declined upon his voluntary retirement and his new wife's income of $19,583 did not meaningfully make up for all the lost wages; therefore, Husband established a change of circumstances requiring further inquiry to determine whether an award of spousal support is appropriate and reasonable.

{¶ 6} The magistrate examined the statutory factors to determine whether an award of spousal support is appropriate and reasonable and found Husband's health concerns prevented him from continuing his previous employment as a teacher, but noting Husband's rejection of his doctor's treatment recommendations of an epidural or surgery. The magistrate further found Husband is able to earn at least minimum wage and imputed annual income of $16,367 to Husband for purposes of determining an appropriate and reasonable amount of spousal support. The magistrate determined that Husband's and Wife's current gross income, exclusive of imputed income, to be $37,160.80 and $44,853, respectively. The magistrate found Husband will receive his entire state employment pension, as Wife relinquished her interest in such, and that Wife will receive a "very small" 401(k). Husband lives on a five-acre parcel of property and purchased a Florida condominium in 2011, which he and his current wife visit and periodically rent.

{¶ 7} Wife testified her standard of living has declined since the divorce, as Husband and Wife lived in a three-bedroom home "on acreage," she drove a custom van, and the couple took several vacations annually. Whereas now, she resides in a small home, drives a used vehicle, and takes one vacation annually. There was no evidence as to the extent of

Husband's education. Wife has a high school education. The parties' assets consist of rental properties, but the record does not contain any evidence regarding the fair market value of the properties. The spousal support payment is the only court-ordered payment, which is deductible by Husband and income to Wife.

{¶ 8} The magistrate further found that Wife relinquished her interest in Husband's state employment pension based in part upon her receipt of spousal support. The magistrate determined Husband's credibility was an issue when determining his ability to earn income because he "was less than forthcoming about providing his expenses," claimed an inability to work while evidence showed him riding a horse, and Husband's son testified Husband intends to start a carpentry business. Husband and Wife had reasonable monthly expenses in the amount of $3,316 and $3,781, respectively. The magistrate conducted a FinPlan analysis of the parties' respective finances.

{¶ 9} Based upon the foregoing, the magistrate found a modification or termination of spousal support was unwarranted and dismissed the instant motion. Husband objected to the magistrate's decision claiming that (1) the magistrate failed to modify spousal support based upon Husband's current income, (2) erred by retaining the current spousal support award because it relied upon the FinPlan analysis which misstated Husband's monthly expenses, (3) improperly determined Wife's 2015 rental income based on a one-time heating and air conditioning repair, and (4) improperly imputed income to Husband without a termination date.

{¶ 10} The trial court sustained an objection regarding the amount of income Wife receives from Husband's naval pension, overruled the remaining objections, and adopted the remainder of the magistrate's findings. The trial court found an equalization of income approach did not result in an inappropriate or unreasonable amount of spousal support.

{¶ 11} Husband now appeals from the decision of the trial court.

- 4 -

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DISMSSING THE MOTION TO MODIFY OR TERMINATE THE SPOUSAL SUPPORT AWARD.

{¶ 14} Husband presents several issues for review in his sole assignment of error. Husband contends the trial court abused its discretion by making contradictory findings with regards to R.C. 3105.18(C) and (F). Husband further argues the trial court abused its discretion by not modifying the spousal support award because Husband experienced a substantial decrease in income. Additionally, Husband claims the trial court abused its discretion by failing to establish a termination date for the income it had imputed to him.

{¶ 15} A trial court has broad discretion in determining spousal support awards, including whether to modify an existing award. *Hutchinson v. Hutchinson*, 12th Dist. Clermont No. CA2009-03-018, 2010-Ohio-597, ¶ 16. Accordingly, a reviewing court will not disturb a spousal support award on appeal absent an abuse of discretion. *Id.* An abuse of discretion is more than an error of law or judgment. *Id.* Rather, a trial court abuses its discretion where, based upon the totality of circumstances, the trial court's decision was arbitrary, unreasonable, or unconscionable. *Carnahan v. Carnahan*, 118 Ohio App.3d 393, 397 (12th Dist.1997).

{¶ 16} In exercising its discretion to modify a spousal support award, a trial court must determine: "(1) that the divorce decree contained a provision specifically authorizing the court to modify the spousal support, and (2) that the circumstances of either party have changed." *Strain v. Strain*, 12th Dist. Warren No. CA2005-01-008, 2005-Ohio-6035, ¶ 11, citing R.C. 3105.18(E). Further, the change in circumstances must be substantial enough to make the existing award no longer reasonable and appropriate and the change in circumstances must not have been taken into account by the parties or the court at the time when the existing

- 5 -

award was established or last modified.  R.C. 3105.18(F)(1)(a) and (b).

{¶ 17}  Upon making a finding of a change in circumstances, the trial court must then determine the necessity of the spousal support, and if necessary, determine a reasonable award amount.  *Hutchinson* at ¶ 24.  In making this determination, the trial court must consider the factors listed in R.C. 3105.18(C)(1).  *Id.*  The trial court need not comment on each factor individually, but rather, "must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law."  *Campbell v. Campbell*, 12th Dist. Warren No. CA2009-04-039, 2009-Ohio-6238, ¶ 22.

{¶ 18}  The basis for Husband's argument in his first and second issues presented for review is that a finding of a change of circumstances is also a finding that the existing award is no longer reasonable and appropriate.  However, as explained above, R.C. 3105.18(F)(1)(a) provides that an involuntary decrease in income as a changed circumstance, without more, is insufficient to support a modification of spousal support.  Rather, the change of circumstances finding necessitates further inquiry into whether the change of circumstances is substantial in the sense that it renders the current spousal support order inappropriate and unreasonable.

{¶ 19}  Contrary to Husband's assertion otherwise, the trial court did not find a *substantial* change of circumstances. The trial court found a simple change of circumstances based upon Husband's significant decline in income, and then, proceeded to conduct an inquiry of the relevant factors to determine whether spousal support remained necessary, and if so, what amount was reasonable.  *Hutchinson* at ¶ 24 (stating a trial court should consider the factors listed in R.C. 3105.18[C][1] to determine if spousal support is still necessary, and if so, what amount is appropriate and reasonable after a threshold finding of a change of circumstances).  Thus, the trial court was required to, and did, consider the

factors to determine whether Husband's change of circumstances was "substantial". Therefore, the trial court's finding of a change of circumstances for Husband is not contradictory to its finding that retention of the current spousal support order was appropriate and reasonable. Accordingly, the trial court's finding did not constitute an abuse of discretion.

{¶ 20} Next, Husband contends the trial court abused its discretion in its consideration of the factors in R.C. 3105.18(C)(1) because the trial court improperly undertook an income equalization approach, which extended beyond equalization, failed to consider terminating the spousal support order, and improperly considered a one-time heating and air conditioning expense in computing Wife's 2016 income.

{¶ 21} With respect to the trial court's consideration of the heating and air conditioning expense, Husband claims the expense should have been depreciated, rather than expensed, and due to this mistake, $2,500 of the cost was duplicated in Wife's affidavit of expenses. However, Husband fails to address the trial court's finding that there was no evidence to support a finding consistent with Husband's claim. Rather, a review of the record demonstrates, as the trial court found, any amount paid by Wife to her credit card company for this cost was not included in her claimed expenses.[1]

{¶ 22} Husband further claims that because his 2016 gross income was $8,649 higher than Wife's 2016 gross income, a reasonable and appropriate annual spousal award, pursuant to the income equalization approach would have been $4,324.50, rather than $8,004. However, contrary to Husband's argument otherwise, a review of the trial court's FinPlan analysis illustrates that the spousal support award approximately equalizes the

---

1. We also note, though apparently not considered by the trial court, that Husband sustained an initial annual voluntary reduction in his retirement income of $5,864.46 by electing a double-life annuity retirement benefit. Consideration of this voluntary reduction of income nearly equalizes the amount of the heating and air conditioning expense Husband claims the trial court treated improperly.

arties' annual incomes, considering the respective income tax burdens of the parties. *Kedanis v. Kedanis*, 12th Dist. Butler No. CA2012-01-015, 2012-Ohio-3533, ¶ 15 (stating a trial court may take an income equalization approach where the result is reasonable and equitable). The trial court's calculations do not "revers[e] the inequity of incomes," as Husband contends, but rather, close the income gap to near equal, considering the parties' individual expenses and tax burdens. Therefore, the trial court's income equalization approach did not constitute an abuse of discretion.

{¶ 23} Finally, Husband contends the trial court abused its discretion by imputing income to someone over the age of 61 without establishing a termination date for the imputation. Husband concedes he is not challenging the trial court's imputation of income. Rather, Husband cites to an Ohio Supreme Court opinion to assert that the lack of a termination date for imputed income forecloses his ability to argue a change of circumstances as he ages out of the workforce because such was contemplated at the time of this spousal support award. *See Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, ¶ 33. However, *Mandelbaum* is inapplicable to the present case, as R.C. 3105.18 was amended effective March 22, 2013 to address such issue. Uncodified section 4 of 2011 Am.H.B. No. 461 provides:

> The proposed changes made by this act to [R.C. 3105.18] are intended to abrogate *Mandelbaum* * * *. Specifically, the proposed changes clarify (1) that "a change in circumstances" must be "substantial" so as to make the existing award no longer reasonable or appropriate; and (2) that the "change in circumstances" must be circumstances that were not taken into account by the parties or the court when the award was set or last modified, whether or not such circumstances were otherwise contemplated or foreseeable. The proposed changes are also intended to specify that other events may constitute a change in circumstances and to give courts guidance so that courts must consider any purpose expressed in the initial order or award, enforce any voluntary agreement of the parties, and only modify the continuing jurisdiction of the court as contained in the original decree if the parties agree.

(Citation omitted.)

{¶ 24} Thus, while the passage of time and Husband's aging were certainly within the contemplation of the parties and the trial court at the time of the instant spousal support order, Husband's aging was not "taken into account" by the trial court in formulating the present spousal support order. The trial court simply found that while Husband's health prevented him from continuing his former employment at his former income, it was unreasonable for Husband to leave the workforce entirely at the present time. Further, it was inappropriate to limit the duration of the spousal support order at the present time, consistent with the original 2009 spousal support award, which was not time-limited. Therefore, the trial court did not abuse its discretion.

{¶ 25} Accordingly, Husband's sole assignment of error is overruled.

{¶ 26} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.