[Cite as *Lineback v. Lineback*, 2017-Ohio-8131.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


PAMELA DONLON f.k.a. LINEBACK,    :

    Plaintiff-Appellant,    :        CASE NO. CA2017-03-033

        :        O P I N I O N
    - vs -        10/9/2017

    :

CHARLES S. LINEBACK,    :

    Defendant-Appellee.    :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 12 DR 35381


Barbara J. Howard Co., L.P.A., Barbara J. Howard, Christin M.G. Fissinger, 120 East Fourth Street, Suite 960, Cincinnati, Ohio 45202, for plaintiff-appellant

Charles S. Lineback, 4000 Alan Shepard Street, # 201, Sacramento, CA 95834, defendant-appellee, pro se


**RINGLAND, P.J.**

{¶ 1} Plaintiff-appellant, Pamela Donlon ("Wife"), appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, denying her request to modify spousal support. For the reasons detailed below, we affirm.[1]

---

1. Pursuant to Loc.R. 6(A). the court hereby sua sponte removes this case from the accelerated calendar for purposes of issuing this opinion.

{¶ 2} This case has previously been before this court. *Donlon v. Lineback*, 12th Dist. Warren Nos. CA2016-03-015 and CA2016-03-016, 2016-Ohio-7739 ("*Lineback I*"); *Lineback v. Lineback*, 12th Dist. Warren No. CA2016-10-087, 2017-Ohio-5673 ("*Lineback II*").

{¶ 3} Wife and Charles Lineback ("Husband") have litigated the issue of spousal support extensively. Husband and Wife divorced in 2013. As part of the decree, the trial court ordered Wife to pay Husband $1,230 per month in spousal support.

{¶ 4} Wife maintained a large amount of investments. Wife's 2011 tax form reflects that her investment income alone was $36,948 a year. The bulk of Wife's investment income was earned through holdings of certificates of deposit, which accrued interest. However, once the certificates of deposit had matured, Wife testified that she was no longer able to receive the same return of investment that she had in past years.

{¶ 5} As a result, Wife transferred the funds into a Vanguard account. It is undisputed that the Vanguard account accrued interest at a lesser rate than she had previously been able to earn with the formerly high earning certificates of deposit. Thus, Wife accrued substantially less investment income than she had in the past.

{¶ 6} Wife moved to modify spousal support in 2014. The trial court held hearings on June 2, August 6, and October 6, 2015. The trial court denied Wife's motion to reduce spousal support. In so doing, the trial court found that Wife failed to present "any testimony" regarding the decrease in her interest income. However, the court also expressly recognized that it was "cognizant of the general effects that the economy's decline in 2008 had on interest rates." The trial court ultimately determined that Wife needed to present expert testimony "by a financial planner regarding the changes in interest rates, and the type of income that Wife could be generating at a risk level she is comfortable with." *Lineback I* at ¶ 16.

{¶ 7} This court reversed and remanded that decision in *Lineback I* after determining

that pursuant to Evid.R. 701 and Evid.R. 702, expert testimony was not necessary to carry Wife's burden of proof. *Id.* at ¶ 21.

{¶ 8} While the *Lineback I* appeal was pending, Wife filed another motion to modify spousal support. *Lineback II*, 2017-Ohio-5673 at ¶ 4. The trial court granted Wife's motion and this court affirmed that decision in *Lineback II*. *Id.* at 21. The issue before the court is again the 2014 motion to modify spousal support. Wife's argument is that the original 2014 motion to modify should have been granted. As a result, Wife asserts that she overpaid Husband in the amount of $7,892.01.

{¶ 9} The final order before this court is the trial court's entry on March 16, 2017, which followed this court's remand instructions in *Lineback I*. The trial court reconsidered its decision on remand, but ultimately determined that Wife failed to meet her burden of proof. The trial court found that Wife's "singular assertion that her investment portfolio did not make any income was not persuasive." Accordingly, the trial court denied Wife's June 2014 motion to modify because there was insufficient evidence before the court to find a change in circumstances. Wife now appeals the decision of the trial court, raising a single assignment of error for review:

{¶ 10} ON REMAND FROM THIS COURT, THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO FIND SUFFICIENT EVIDENCE OF A CHANGE IN CIRCUMSTANCES TO WARRANT A MODIFICATION OF WIFE'S SPOUSAL SUPPORT OBLIGATION.

{¶ 11} Wife argues that the trial court erred in denying her motion to modify spousal support. We find no merit to Wife's argument.

{¶ 12} A trial court has broad discretion in determining a spousal support award, including whether or not to modify an existing award. *Burns v. Burns*, 12th Dist. Warren No. CA2011-05-050, 2012-Ohio-2850, ¶ 17. Thus, a spousal support award will not be disturbed

on appeal absent an abuse of discretion. *Id.* An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *DiPasquale v. DiPasquale*, 12th Dist. Warren No. CA2016-04-024, 2016-Ohio-8457, ¶ 9.

{¶ 13} "In exercising its discretion to modify a spousal support award, the trial court must determine: '(1) that the divorce decree contained a provision specifically authorizing the court to modify the spousal support, and (2) that the circumstances of either party have changed.'" *Bixler v. Bixler*, 12th Dist. Clermont No. CA2016-12-081, 2017-Ohio-7022, ¶ 16, quoting *Strain v. Strain*, 12th Dist. Warren No. CA2005-01-008, 2005-Ohio-6035, ¶ 11. Furthermore, the change in circumstances must be substantial enough to make the existing award no longer reasonable and appropriate and the change in circumstances must not have been taken into account by the parties or the court at the time when the existing award was established or last modified. *Id.*, citing R.C. 3105.18(F)(1)(a) and (b).

{¶ 14} R.C. 3105.18(F)(1) states that "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances * * *." *Cox v. Cox*, 12th Dist. Warren No. CA2016-05-040, 2017-Ohio-1010, ¶ 10.

{¶ 15} Following a thorough review of the record, we find the trial court did not abuse its discretion by denying Wife's motion for modification. Although Wife testified that she has a reduced income because her investment income has decreased, the trial court was not required to accept her assertion as true. As previously noted, the party seeking modification of spousal support order bears the burden of showing that the modification is warranted. *Samblanet* at ¶ 19. Here, Wife testified that she had decreased investment income and described how that occurred, along with her investment strategy. Husband disputed Wife's position. Though Wife explained that she had a conservative investment strategy, she

offered very limited evidence as to how she formulated her investment decisions. One consideration in finding a change in circumstances is that the change not be purposely brought about by the moving party.

{¶ 16} Though Wife argues otherwise, the trial court entered its decision in accordance with this court's prior remand instructions. The trial court took the prior hearings under advisement and found that there was insufficient evidence at the time to support Wife's motion. As trier of fact, the trial court was in the best position to weigh the credibility of the witnesses. As such, we find the trial court did not err by denying Wife's motion to modify spousal support.

{¶ 17} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.