[Cite as *In re Guardianship of A.K.*, 2025-Ohio-917.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of the Guardianship of [A.K.], | : | No. 24AP-297 |
| | : | (Prob. No. 595596) |
| [M.S., Mother, | : | (REGULAR CALENDAR) |
| Appellant]. | : | |
| | : | |

D E C I S I O N

Rendered on March 18, 2025

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Thomas W. Ellis*, for appellee Franklin County Guardianship Service Board. **Argued:** *Thomas W. Ellis*.

**On brief:** *Jeckering & Associates, LLC, Bradley N. Jeckering*, and *Mark A. Rest*, for appellant.

APPEAL from the Franklin County Court of Common Pleas, Probate Division

DORRIAN, J.

{¶ 1} Appellant, M.S., appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, overruling appellant's objections to and adopting a magistrate's decision, and dismissing her guardianship complaints. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Since 2019, the Franklin County Guardianship Service Board ("GSB" or "guardian") has been guardian of the person for A.K., appellant's adult daughter. A.K. had been found to need guardianship based on mental impairment as a result of moderate developmental disabilities as well as diagnoses of autism spectrum disorder, intellectual impairment, and Fragile X syndrome.

{¶ 3} During the guardianship period, disagreements have arisen regarding A.K.'s diet, medical treatment, and her visitation time with appellant and A.K.'s father. These disagreements have led to a number of court filings and court proceedings.

{¶ 4} On March 26, 2021, following an evidentiary hearing on the filings pending at the time, the probate court magistrate issued a decision (the "2021 magistrate's decision"). Relevant to this appeal is the magistrate's recommendation regarding A.K.'s diet, that she "continue to follow an organic, gluten-free, vegan diet, [and] that the GSB be authorized to determine further details of [A.K.]'s diet without resort to court order." (Mar. 26, 2021 Mag.'s Decision at 28.) The 2021 magistrate's decision also made recommendations on other issues in dispute at the time, including whether the GSB could make decisions about what toiletries and household items A.K. used, whether she should receive certain vaccinations, and how visitation transitions should occur. Those determinations are not at issue in this appeal.

{¶ 5} Appellant timely submitted objections to the magistrate's decision. She also filed a motion to remove the GSB as A.K.'s guardian along with a request for an emergency hearing on that motion.

{¶ 6} On August 24, 2021, the probate court issued a judgment entry overruling appellant's objections to the magistrate's decision and adopting the 2021 magistrate's decision in full. In that judgment entry, the probate court also denied appellant's motion to remove the GSB as guardian, concluding "[t]hese motions are an attempt to re-argue the same issues addressed by the Magistrate's Decision and will not be entertained." (Aug. 24, 2021 Jgmt. Entry at 5.) The probate court also noted that "[appellant] has filed a number of similar motions and complaints on these same issues in the past, without receiving her desired result. The court will review any future similar filings to determine if such filing has a basis for being considered frivolous conduct pursuant to R.C. 2323.51." (Aug. 24, 2021 Jgmt. Entry at 6.)

{¶ 7} No appeal was filed, but appellant filed additional pleadings in the form of guardianship complaints against the GSB in December 2021. The probate court determined that the submissions were not complaints against the guardian, but instead, appellant's attempts to re-litigate issues already decided by the court.

{¶ 8}   On October 13, 2022, the GSB filed a motion to lift A.K.'s diet restrictions during an anticipated trip to Disney World that A.K. would attend with her day program. The magistrate granted the request for the duration of the trip but ordered the restricted diet to be resumed upon return.

{¶ 9}   On May 25, 2023, the GSB moved to modify the 2021 magistrate's decision to allow A.K.'s restricted diet to be a "recommended" diet rather than a "required" diet.

{¶ 10} On May 26, 2023, appellant filed a motion to remove the GSB as guardian and to appoint appellant as successor guardian along with a request for an emergency hearing, as well as a motion for contempt to find the GSB in violation of the 2021 magistrate's decision.

{¶ 11} On June 6, 2023, appellant filed guardianship complaints against the probate court and the GSB.

{¶ 12} On August 16, 2023, the probate court magistrate[1] held an evidentiary hearing on the complaints and pending motions.

{¶ 13} On October 5, 2023, the magistrate issued its decision granting the GSB's motion to modify the 2021 magistrate's decision to change A.K.'s "required" diet to a "recommended" diet (the "2023 magistrate's decision").  The magistrate also denied appellant's motion for contempt and motion to remove the GSB as guardian.  Finally, the decision dismissed appellant's guardianship complaints against the probate court and the GSB.

{¶ 14} Appellant filed objections to the 2023 magistrate's decision, along with a transcript of the evidentiary hearing.

{¶ 15} On April 9, 2024, the probate court issued a judgment entry overruling appellant's objections and adopting the 2023 magistrate's decision in full.

{¶ 16} On May 9, 2024, appellant timely filed a notice of appeal of the probate court's judgment.

---

[1] The same magistrate has presided over the 2021 and 2023 proceedings referenced herein.

## II. Assignments of Error

{¶ 17} Appellant assigns the following four assignments of error for our review:

> [I.] The Trial Court abused its discretion in adopting the 2023 Magistrate's Decision based on unauthenticated reports, which are inadmissible hearsay.
>
> [II.] The Trial Court abused its discretion in adopting the 2023 Magistrate's Decision to not hold the GSB in contempt for violating the 2021 Decision.
>
> [III.] The Trial Court abused its discretion in adopting the 2023 Magistrate's Decision based on unqualified lay person testimony improperly considered as expert testimony.
>
> [IV.] The Trial Court abused its discretion in failing to individually rule on each objection made by [M.S.] to the 2023 Magistrate's Decision.

## III. Discussion

{¶ 18} Under Civ.R. 53, when ruling on objections to a magistrate's decision, a trial court must undertake an independent, de novo review of the matters objected to and decide whether the magistrate properly determined the factual issues and appropriately applied the law. *In re S.M.B.*, 2019-Ohio-3578, ¶ 7 (10th Dist.). The standard of review on appeal from a trial court judgment adopting a magistrate's decision "varies with the nature of the issues that were (1) preserved for review through objections before the trial court and (2) raised on appeal by assignment of error." *In re Guardianship of Schwarzbach*, 2017-Ohio-7299, ¶ 14 (10th Dist.).

{¶ 19} Appellant's first and third assignments of error argue that the magistrate decision improperly relied on certain evidence in violation of the rules on hearsay testimony and lay person testimony. Both challenges involve evidentiary rulings that are within the discretion of the trial court, which we review for an abuse of discretion. *See State v. McClain*, 2014-Ohio-93, ¶ 27 (10th Dist.); *State v. Ollison*, 2016-Ohio-8269, ¶ 39 (10th Dist.); *Terry v. Caputo*, 2007-Ohio-5023, ¶ 16. A trial court abuses its discretion when its decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 20} Appellant's first assignment of error argues that the magistrate improperly relied on unauthenticated reports from Jeanne Stuntz of the Human Rights Committee at the Board of Developmental Disabilities, and a nutritionist, Candace Pumper, R.D., as inadmissible hearsay because neither individual testified at the hearing. Appellant argues that, contrary to this court's precedent, the hearsay rules should apply to guardianship hearings.

{¶ 21} We have held that the hearsay rules are "clearly inapplicable" to guardianship proceedings. *In re Guardianship & Conservatorship of Stancin*, 2003-Ohio-1106, ¶ 13 (10th Dist.). We are not persuaded by appellant's argument that, on these facts, this court should adopt decisions from Connecticut and Wisconsin and find the hearsay rules applicable.

{¶ 22} Because the hearsay rules are inapplicable here, we conclude that the magistrate properly considered the reports in question. Thus, appellant's first assignment of error is overruled.

{¶ 23} Appellant's third assignment of error argues that the magistrate improperly relied on unqualified lay person testimony from A.K.'s direct-support provider and program manager at the day programming facility A.K. attended. Appellant argues that because these witnesses were not qualified as expert witnesses, their testimony regarding A.K.'s lack of adverse reaction to consuming food outside her restricted diet should have been disregarded.

{¶ 24} Evid.R. 701 provides as follows: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." "[A]n appellate court reviews the decisions of the trial court concerning lay witness testimony for an abuse of discretion." *Ollison*, 2016-Ohio-8269, at ¶ 39 (10th Dist.).

{¶ 25} The witnesses here were not asked for, and did not provide, medical testimony or conclusions. Instead, the witnesses commented on their observations of A.K. after consuming foods outside of her restricted diet, including observations that A.K. appeared happy and "seemed to enjoy" the food. (Aug. 16, 2023 Tr. Vol. I at 19-20.) We find that the witness testimony was about information "rationally based on the perception

of the witness," and "helpful to . . . the determination of fact in issue." *See* Evid.R. 701. Furthermore, the 2023 magistrate's decision also relies on information from A.K.'s primary care physician and a nutritionist to whom A.K. was referred by her primary care physician to inform its decision about A.K.'s dietary restrictions. Thus, the trial court did consider that the GSB had consulted with medical professionals regarding the same, and the trial court was not relying solely on the perception of lay people. Therefore, the trial court did not abuse its discretion by considering the witness testimony.

{¶ 26} Accordingly, appellant's third assignment of error is overruled.

{¶ 27} Appellant's second assignment of error argues that the trial court abused its discretion by not finding the GSB in contempt for violating the 2021 magistrate's decision regarding A.K.'s restricted diet. We review contempt decisions for an abuse of discretion. *See Haun v. Haun*, 2024-Ohio-1526, ¶ 46 (11th Dist.); *O'Grady v. O'Grady*, 2012-Ohio-4208, ¶ 35 (11th Dist.), citing *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11 (1981).

{¶ 28} The 2021 magistrate's decision concluded as follows regarding the GSB's role in A.K.'s diet:

> [A.K.] shall continue to follow an organic, gluten-free, vegan diet. The GSB is authorized to determine further details of [A.K.'s] diet without resort to court order [.] . . . The GSB has already sought medical advice on [A.K.'s] diet to supplement the information provided by [appellant]. The GSB shall establish a diet with firm parameters, in consultation with Dr. Lewis and any other medical professional it deems necessary, which may include a nutritionist and/or a primary care physician, once selected. The GSB is not required to follow the recommendation of any specific medical professional, and may continue its practice of gathering information and weighing the advice of different medical professionals to determine the diet that will best serve [A.K.'s] needs. The court will not revisit this issue.

(Emphasis deleted.) (Mar. 26, 2021 Mag.'s Decision at 24.)

{¶ 29} The 2023 magistrate's decision further explained the 2021 decision as follows:

> The court must note that the [2021 magistrate's decision] was never meant to be interpreted to forbid [A.K.] from ever deviating from her regular diet. This interpretation has led to extensive court involvement through the repeated filing of motions, requests for hearing, complaints, and objections reporting deviations from [A.K.'s] diet.

. . .

> The [2021 magistrate's decision] further states that the court will not revisit the issue of [A.K.'s] diet. This simply meant that the [GSB], as her guardian, is the final decision maker on setting the parameters of [A.K.'s] diet through the process of gathering information and consultation with medical professions [sic] as deems necessary without further court involvement. As a result, the court will not entertain future challenges to the diet from people other than [A.K.].

(Oct. 5, 2023 Mag.'s Decision at 14-15.)

{¶ 30} Based on the foregoing, we find that it was not arbitrary, unreasonable, or unconscionable in this case for the trial court to adopt the magistrate's decision denying appellant's motion to hold the GSB in contempt regarding the dietary guidance found in the 2021 magistrate's decision.

{¶ 31} Because we find that the trial court did not abuse its discretion, we overrule appellant's second assignment of error.

{¶ 32} Appellant's fourth assignment of error argues that the trial court abused its discretion by failing to individually rule on each of appellant's objections to the magistrate decision.

{¶ 33} Civ.R. 53(D)(4)(d) states, "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections." In so ruling, "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Civ.R. 53(D)(4)(d). Thus, a trial court reviews a magistrate's decision de novo. *In re A.R.M.*, 2022-Ohio-954, ¶ 8 (10th Dist.); *In re S.M.B.*, 2019-Ohio-3578, ¶ 7 (10th Dist.). "A failure of the trial court to rule on the objections and conduct an independent review of the magistrate's recommendations as required by Civ.R. 53(D)(4)(d) is an abuse of discretion." *Pietrantano v. Pietrantano*, 2013-Ohio-4330, ¶ 13 (12th Dist.). However, "this rule does not require the trial court to *address* each and every portion of an objection raised by the party, but to *rule* on each objection." (Emphasis in original.) *Id.* at ¶ 20.

{¶ 34} Appellant argues that she raised "four distinct objections" to the 2023 magistrate's decision: (1) the magistrate improperly considered the unauthenticated report from Pumper because it was inadmissible hearsay; (2) the magistrate improperly

considered expert testimony of lay witnesses; (3) the magistrate improperly admitted the unauthenticated report by the Human Rights Committee because it was inadmissible hearsay; and (4) the magistrate's recommendations were against the manifest weight of the evidence. (Appellant's Brief at 18.)

{¶ 35} In its judgment entry adopting the 2023 magistrate's decision, the trial court set forth its analysis in two paragraphs:

> After a thorough and independent review, and without reproducing the magistrate's reasoning in its entirety, the court agrees with the magistrate's ultimate decision. The arguments raised by [appellant] with respect to the magistrate's consideration of unauthenticated reports and testimony are without merit as the hearsay rules do not apply in guardianship proceedings. *In re Guardianship & Conservatorship of Stancin*, 10th Dist. Franklin No. 02AP-637, 2003-Ohio-1106, ¶ 13 (hearsay rules inapplicable due to the non-adversarial nature of the guardianship proceedings and the inherent conflict between the purpose of the guardianship proceedings and the limitations imposed by the hearsay rules).
>
> The court finds the magistrate accurately and properly weighed the facts in granting the [GSB's] motion to modify [A.K.'s] diet from a "required" diet to a "recommended" diet; denying [appellant's] motions for contempt and to remove the [GSB] as guardian; dismissing [appellant's] motion for emergency hearing as moot; and dismissing the guardianship complaints filed on June 7, 2023 against the Probate Court and [GSB].
>
> Accordingly, [appellant's] objections filed on November 2, 2023 and January 30, 2024 are **OVERRULED** and the magistrate's decision issued October 5, 2023 is hereby **APPROVED** and **ADOPTED** in its entirety.

(Emphasis in original.) (Apr. 9, 2024 Jgmt. Entry at 3-4.)

{¶ 36} Appellant acknowledges that the trial court addressed the two objections regarding hearsay and that the trial court also found the magistrate accurately and properly weighed the facts. But appellant argues there is ambiguity as to which objections were ruled on because the trial court failed to rule on each objection separately. In this way, appellant's argument appears to be more of a technical one than a substantive concern that the trial court did not perform its independent analysis of the magistrate's decision.

{¶ 37} In the circumstances of this case, we do not find there is any ambiguity that the trial court ruled on each of appellant's objections. And, while we agree with the Twelfth

District Court of Appeals in *Pietrantano* that "it would be a better practice for the trial court to more fully discuss and review all aspects of a party's objections," 2013-Ohio-4330, at ¶ 23, we cannot find, on the facts of this case based on the arguments that appellant presents, that the trial court did not rule on each of appellant's objections. Therefore, we do not find that the trial court failed to comply with its duty under Civ.R. 53(D)(4)(d).

{¶ 38} Based on the foregoing, we find that the trial court did not abuse its discretion by allegedly failing to rule on each objection in contravention of Civ.R. 53(D)(4)(d). Accordingly, we overrule appellant's fourth assignment of error.

## IV. Conclusion

{¶ 39} For the foregoing reasons, we overrule appellant's four assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

EDELSTEIN and LELAND, JJ., concur.

_____