[Cite as *Jackson v. Jackson*, 2017-Ohio-8357.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| LAURA JACKSON, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-02-028 |
| | : | O P I N I O N |
| - vs - | | 10/30/2017 |
| | : | |
| DALEN JACKSON, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR 1401 0075


Kevin D. Hughes, 20 South Main Street, Springboro, Ohio 45066, for plaintiff-appellee

Mark W. Raines, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Dalen Jackson ("Husband"), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, ordering him to pay spousal support and arrearages to plaintiff-appellee, Laura Jackson ("Wife").

{¶ 2} Husband and Wife were married in 1992 and divorced in 2015. At the time of the divorce, Husband was 62 years old, in good health, and planned on working until he was 70 years old in the same job in which he had been employed for the past 30 years. Wife was

64 years old, disabled, and unable to work. The trial court's divorce decree ordered Husband to pay Wife $900 in spousal support per month until 2020. The trial court also ordered Husband to pay Wife $24,500 upon the sale of the marital home, which represented Wife's portion of the equity in the home.

{¶ 3} A year later, and after Husband failed to make some of his spousal support payments as ordered, Husband moved the court to modify his spousal support arrears and to terminate or reduce the spousal support order. Husband asserted a change of circumstances since the time of the divorce decree, based on his termination from his job. After his termination, Husband decided to retire and not seek reemployment. As mentioned above, his original plan was to work until he was 70. Upon applying for social security retirement benefits, Husband began receiving monthly social security payments. Deducted from his monthly check was $1,016 to pay his spousal support order and $100 per month toward his arrearages.

{¶ 4} A magistrate held a hearing on Husband's request to modify, during which, Husband represented himself pro se. The magistrate reduced Husband's spousal support order to $600 per month. The magistrate did not modify or terminate the $100 per month arrearage order. Husband then filed objections to the magistrate's decision, this time represented by counsel. The trial court overruled Husband's objections, but modified the magistrate's decision to include an additional $20 per month toward arrearages, for a total arrearage amount of $120 per month. Husband now appeals the trial court's decision, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ONLY REDUCED THE SPOUSAL SUPPORT ORDER FROM $900.00 PER MONTH TO $600.00 PER MONTH AND $120.00 PER MONTH TOWARDS ARREARS DESPITE DEFENDANT-APPELLANT'S SIGNIFICANT REDUCTION IN INCOME

DUE TO RETIREMENT AND HIS LOSS OF EQUITY IN THE MARITAL PROPERTY.

{¶ 6} Husband argues in his assignment of error that the trial court erred in not further reducing or terminating his spousal support.

{¶ 7} A trial court has broad discretion in determining a spousal support award, including whether or not to modify an existing award. *Burns v. Burns*, 12th Dist. Warren No. CA2011-05-050, 2012-Ohio-2850, ¶ 17. Thus, a spousal support award will not be disturbed on appeal absent an abuse of discretion. *Id.* An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *DiPasquale v. DiPasquale*, 12th Dist. Warren No. CA2016-04-024, 2016-Ohio-8457, ¶ 9.

{¶ 8} "In exercising its discretion to modify a spousal support award, the trial court must determine: (1) that the divorce decree contained a provision specifically authorizing the court to modify the spousal support, and (2) that the circumstances of either party have changed." *Bixler v. Bixler*, 12th Dist. Clermont No. CA2016-12-081, 2017-Ohio-7022, ¶ 16. Furthermore, the change in circumstances must be substantial enough to make the existing award no longer reasonable and appropriate and the change in circumstances must not have been taken into account by the parties or the court at the time when the existing award was established or last modified. R.C. 3105.18(F)(1)(a) and (b).

{¶ 9} According to R.C. 3105.18(F)(1), "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances * * *."

> In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a)  The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b)  The relative earning abilities of the parties;

(c)  The ages and the physical, mental, and emotional conditions of the parties;

(d)  The retirement benefits of the parties;

(e)  The duration of the marriage;

(f)  The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g)  The standard of living of the parties established during the marriage;

(h)  The relative extent of education of the parties;

(i)  The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j)  The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k)  The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l)  The tax consequences, for each party, of an award of spousal support;

(m)  The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n)  Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1).

{¶ 10}  Husband argues that the trial court erred in ordering him to pay spousal

support because he did not have sufficient earning ability to pay. Husband asserts that he no longer has an ability to pay Wife given his termination, retirement, and lack of equity from the marital home.

{¶ 11} According to the record, Husband was terminated from his employment after 32 years as a security guard at a hospital. His termination was predicated upon his displaying unprofessional conduct toward a patient, and his explanation for such was that he had a "bad day, a real bad day." However, Husband did not appeal his termination or seek reemployment afterwards. Instead, Husband decided to voluntarily retire, thus eliminating his $47,000 salary.

{¶ 12} The record indicates that Husband began receiving social security benefit payments after his retirement. He also had two retirement accounts, which he chose to "roll over" rather than collect from. Husband also remarried, but would not tell the court his new wife's income or how she contributes to his expenses. Conversely, Wife remained on disability since the time of the divorce, and collects $769 monthly.

{¶ 13} Regarding the equity in the marital home, the record indicates that the trial court ordered Husband to refinance the home, or to sell it for no less than $75,000. Instead, Husband failed to do either, and the trial court eventually ordered the home into Wife's name so that it could be auctioned. The home then sold for $31,000 at auction. The trial court noted Husband's refusal to obey its order regarding the marital residence, and awarded Wife her share of the equity in the home regardless of the decline in sale price. In considering how the lack of equity impacted Husband's ability to pay Wife spousal support, the trial court concluded that Husband "received only a nominal amount from the auction as a result of his own actions and refusal to refinance or prepare the residence for sale in good faith."

{¶ 14} The trial court, which remained very familiar with the facts of this case, determined that Husband was not in a position to pay Wife $900 per month, but that $600

was the proper amount based on what Husband's assets were at the time. These assets included Husband's retirement accounts and social security payments. The trial court's review included a full balancing of the statutory factors listed above, after consideration of the testimony and evidence presented at the hearing. As such, the trial court did not abuse its discretion in ordering Husband to pay Wife $600 per month plus arrearages.

{¶ 15} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.