DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which granted appellee's petition for a domestic violence civil protection order pursuant to R.C.3113.31.
 {¶ 2} The case originated on March 22, 2006, when appellee, Beth A. Shimman, filed her R.C. 3113.31 petition alleging that, on February 11, 2006, appellant, Jeffrey M. *Page 2 
Germano, "head-butted" her in the nose during an argument. The parties are also the parents of one minor child, who is the subject of a shared parenting order issued by the Lucas County Court of Common Pleas, Juvenile Division. Appellee also asked the court to include that child in the civil protection order. The court issued an ex parte temporary restraining order forbidding appellant to have contact with petitioner and unsupervised contact with their child. Pursuant to the order, appellant was permitted to visit with his son at stated times with the exchange to occur at the Oregon Police Department or at appellee's apartment with a police officer present.
 {¶ 3} After holding a hearing, the magistrate entered a decision, which contains 16 findings of fact and eight conclusions of law, granting appellee's petition. Included in that decision are the following relevant findings fact:
 {¶ 4} "14. At the conclusion of the hearing when the Court ordered the Respondent to comply with the terms of the Shared Parenting Plan (Magistrate's order June 7, 2006). [sic] The Respondent's response caused security to enter the room.
 {¶ 5} "15. Petitioner admits engaging in sexual relations with the Respondent both at his residence (motel) and hers subsequent to the issuance of the [temporary] Civil Protection Order."
 {¶ 6} The magistrate also made the following conclusion of law pertinent to Finding of Fact No. 15:
 {¶ 7} "8. The Court is aware of Petitioner's voluntary engagement in sexual activity with the Respondent subsequent to the February 11, 2006 incident. However, the *Page 3 
Court believes that this activity does not nullify Petitioner's fear of the Respondent. Petitioner's actions can be interpreted as an attempt to end the ongoing relationship in a manner to avoid further separation violence. Petitioner's activities viewed in the context of the entire case as presented to the Court is of no consequence as it relates to the Court's decision."
 {¶ 8} Appellant filed timely objections to the magistrate's decision and a motion for reconsideration of that decision. He subsequently filed a "Supplemental Submission Relative to Defendant's (Respondent's) Objections" in which he challenged each of the magistrate's 16 findings of fact. He did not, however, file a transcript of the hearing held before the magistrate with either of his objections.
 {¶ 9} On October 3, 2006, the trial court overruled appellant's objections, noting appellant's failure to file a transcript of the proceedings that were held before the magistrate. The court further determined that the magistrate's decision was "well founded in both fact and law" and adopted the decision of the magistrate as the order of the court. Appellant appeals this judgment and sets forth the following assignments of error:
 {¶ 10} "IT IS ERROR IN A CIVIL DOMESTIC VIOLENCE COMPLAINT TO ORDER INJUNCTION [sic] RELIEF IN CIRCUMSTANCES WHERE PETITIONER (APPELLEE) HAS ENGAGED IN CONDUCT WHICH IS INCONSISTENT WITH HER COMPLAINT OF FEAR OF PERSONAL SAFETY WHERE SUCH ACTIONS OCCUR AFTER THE DATES OF INCIDENTS FORMING THE BASIS OF THE COMPLAINT AND AFTER THE ISSUANCE OF THE T.RO. *Page 4 
 {¶ 11} "THE COURT ERRED IN ENTERING FINDING FOURTEEN (AS A BASE OF ITS DECISION) AS FOLLOWS:
 {¶ 12} "14. At the conclusion of the hearing when the Court ordered the Respondent to comply with the terms of the Shared Parenting Plan (Magistrate's order June 7, 2006). [sic] The Respondent's response caused security to enter the room."[1]
 {¶ 13} We shall address appellant's assignments of error together as they both contend, in essence, that the trial court's judgment is against the manifest weight of the evidence. Generally, an individual seeking a civil protection order must prove domestic violence or threat of domestic violence by a preponderance of the evidence. Felton v.Felton, 79 Ohio St.3d 34, 1997-Ohio-302, paragraph two of the syllabus, citing R.C. 3113.31(D). Therefore, in determining whether a trial court properly issued the civil protection order, we normally review the record to determine whether there is some competent, credible evidence to support the trial court's determination that domestic violence or a threat of domestic violence occurred. Gaydash v. Gaydash,168 Ohio App.3d 418, 2006-Ohio-4080, ¶ 9. (Citations omitted.)
 {¶ 14} Nonetheless, under Civ.R. 53, which governs procedure in cases heard by a magistrate, Civ.R. 53(D)(3)(b)(iii) places the burden upon the party objecting to the magistrate's decision to provide the trial court with "a transcript of all the evidence *Page 5 
submitted to the magistrate relevant to a particular finding or an affidavit of that evidence if a transcript is not available." When the objecting party fails to file a transcript with his or her objections, the trial court is free to adopt the magistrate's findings without further consideration of the objections. Colorado v. Ledesma, 3d Dist. No. 13-07-02, 2007-Ohio-3975, ¶ 12. (Citations omitted.) That is, in the absence of a transcript, the trial court has the discretion to adopt the factual finding of a magistrate that is challenged by a party. In reSwain (1991), 68 Ohio App.3d 737, 743. Therefore, if a trial court adopts a magistrate's decision in such a case, an appeal from the trial court's judgment can only be reviewed by an appellate court to determine whether the trial courts application of the law to the factual findings constitutes an abuse of discretion. Love v. Rable, 147 Ohio App.3d 63,2001-Ohio-2174, ¶ 9; Briarwood v. Bratanov, 9th Dist. No. 23318,2007-Ohio-2476, ¶ 10. An abuse of discretion signifies that a trial court's decision constitutes more than an error of judgment or law; it means that the trial court's attitude in reaching its judgment was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Accordingly, we cannot address either appellant's first assignment of error because it relates to the magistrate's Finding of Fact No. 15, or appellant's second assignment of error because it involves Finding of Fact No. 14. We have conducted a review of the trial court's application of the law to its factual findings and find no abuse of discretion. Accordingly, appellant's first and second assignments of error are found not well-taken. *Page 6 
 {¶ 16} The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
M. Handwork, J., Singer, J., Osowik, J. CONCUR.
[1] Appellant alleges that all he did at this time was to `stand up." Without a transcript, however, there was no evidence before the trial court as to what action appellant took. *Page 1