[Cite as *Kairn v. Clark*, 2014-Ohio-1890.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| KELLY IRENE KAIRN, | : | |
| | | CASE NOS. CA2013-06-059 |
| Plaintiff-Appellee, | : | CA2013-08-071 |
| | : | O P I N I O N |
| - vs - | | 5/5/2014 |
| | : | |
| CHARLES P. CLARK, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 00-S00650

David P. Fornshell, Warren County Prosecuting Attorney, Megan M. Davenport, 500 Justice Drive, Lebanon, Ohio 45036, for appellee, Warren County Child Support Enforcement Agency

Jeffery E. Richards, 147 Miami Street, P.O. Box 536, Waynesville, Ohio 45068, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1} Appellant, Charles Clark (father), appeals from a decision of the Warren County Court of Common Pleas, Juvenile Division, modifying father's child support obligation. For the reasons stated below, we affirm the decision of the trial court.

{¶ 2} Appellee, Kelly Kairn (mother), and father are parents of a minor child. Mother is the residential parent and legal custodian of the child. Since July 2000, father has been

required to pay mother a monthly child support obligation. On January 9, 2012, father pled guilty to felonious assault and criminal damaging and was sentenced to six years imprisonment.

{¶ 3} On September 5, 2012, father requested that the Warren County Child Support Enforcement Agency (CSEA) conduct an administrative review of his child support order due to his incarceration. At that time, father was ordered to pay mother a monthly support amount of $447.15.[1] The CSEA determined that father's child support obligation should be reduced to $61.20 per month.

{¶ 4} Mother objected to the CSEA determination and on January 8, 2013 an administrative hearing was held before a CSEA hearing officer. The hearing officer sustained mother's objections and modified the support order to require father to pay $263.93 per month in child support. In its decision, the hearing officer noted that mother earns unemployment income of $14,976, found mother to be voluntarily unemployed and imputed a total annual income of $16,016 to mother. The hearing officer also noted that father is incarcerated and has no earnings. The decision then stated,

> Case law indicates that incarceration is considered a basis for Finding [sic] that a parent is voluntarily unemployed. That has recently been modified by O.R.C. 3119.05(I)(2) however, in this case, the Hearing Officer finds, pursuant to O.R.C. 3119.05(I) that not imputing income to the father would be unjust, inappropriate and therefore not in the best interest of the child. Mother testified as to her limited income and assets and lack of financial support from any of the child's other maternal or paternal relatives. Therefore, the Hearing Officer imputes potential income to Father in an annual amount of $16,016 for calculating purposes.

{¶ 5} On March 27, 2013, a hearing was held before a magistrate regarding the matter. The magistrate issued a decision in which it approved, adopted, and attached the

---

1. The child support amounts referenced in this opinion include father's monthly child support obligation as well as his support arrearage and the processing charge.

administrative hearing officer's decision. The magistrate's decision did not contain any findings of fact or conclusions of law. Father then filed objections to the magistrate's decision. The trial court overruled father's objections and approved and adopted the magistrate's decision. In its decision, the court noted father had not filed a transcript of the proceedings before the magistrate and therefore its review of the factual issues was limited to the facts contained in the magistrate's decision, exhibits, and the court file.

{¶ 6} Father now appeals, asserting two assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION THAT CONTAINED NO FINDINGS OF FACT OR CONCLUSIONS OF LAW.

{¶ 9} Father argues that the trial court violated its duty to independently review the objections to the magistrate's decision. Father maintains that the court could not have independently reviewed the record because there was no factual evidence of any kind before the court. Specifically, father points to the magistrate's decision that contained no findings of fact or conclusions of law and the lack of the transcript of the hearing before the magistrate.

{¶ 10} Civ.R. 53(D)(4)(d) provides that, in ruling on timely filed objections, "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "A failure of the trial court to conduct an independent review of the magistrate's recommendations as required by Civ.R. 53(D)(4)(d) is an abuse of discretion." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 93, quoting *Barrientos v. Barrientos*, 196 Ohio App.3d 570, 2011-Ohio-5734, ¶ 5 (3d Dist.).

{¶ 11} An appellate court "must presume that a trial court has performed an independent review of the magistrate's recommendations unless the appellant affirmatively demonstrates the contrary." *Cottrell* at ¶ 93. "[S]imply because a trial court adopted the

- 3 -

magistrate's decision does not mean that the court failed to exercise independent judgment." *Pietrantano v. Pietrantano*, 12th Dist. Warren No. CA2013-01-002, 2013-Ohio-4330, ¶ 14. A trial court may adopt a magistrate's decision in whole or in part pursuant to Civ.R. 53(D)(4)(b) so long as the trial court fully agrees with the magistrate's findings "after weighing the evidence itself and fully substituting its judgment for that of the [magistrate]." *Id.*, quoting *In re Dunn*, 101 Ohio App.3d 1, 8 (12th Dist.1995).

{¶ 12} However, Civ.R. 53(D)(3)(b)(iii) provides that an objection to a magistrate's factual finding, whether or not specifically designated as a finding of fact, must be supported by a transcript or affidavit of the evidence submitted to the magistrate. It is well-established that when an objecting party fails to file a transcript with the objections, the court is "'free to adopt the magistrate's findings without further consideration of the objections.'" *Stevens v. Stevens*, 12th Dist. Warren Nos. CA2009-02-028, CA2009-06-073, 2010-Ohio-1104, ¶ 23, quoting *Shimman v. Germano*, 6th Dist. Lucas No. L-06-1358, 2008-Ohio-717, ¶ 14. In such circumstances, the trial court is limited to examining only the magistrate's conclusions of law and recommendations and has the discretion to adopt the factual findings of the magistrate. *Bartlett v. Sobetsky*, 12th Dist. Clermont No. CA2007-07-085, 2008-Ohio-4432, ¶ 9. Civ.R. 53(D)(3)(a)(ii) also provides that a magistrate's decision "may be general unless findings of fact and conclusion of law are timely requested by a party or otherwise required by law."

{¶ 13} In the case at bar, the magistrate's decision contained no findings of fact or conclusions of law and approved and adopted the Administrative Hearing Decision. Father objected to the magistrate's decision but failed to file a transcript of the hearing before the magistrate to the trial court.[2] When father objected to the magistrate's decision, he argued that the factual finding that he was voluntarily unemployed was in error. In its decision

---

2. We note that Warren County CSEA does not record its administrative hearings and therefore there was also no transcript of the CSEA hearing available.

overruling the objections to the magistrate's decision, the trial court noted that no transcript had been filed and therefore it "must base its review upon the factual matters noted by the magistrate in her decision, any exhibits admitted into evidence, and the court file." It stated, "[t]he Court has reviewed the child support worksheet and there are no apparent mistakes in the magistrate's calculations. The Court determines that there is no error of law or other defect contained in the Magistrate's Decision."

{¶ 14} The trial court properly reviewed the objections to the magistrate's decision. The trial court was limited to an examination of the magistrate's decision, any exhibits admitted into evidence and the court file because of father's failure to file a transcript of the proceedings before the magistrate. The magistrate's decision failing to contain findings of fact or conclusion of law also was not in error. The magistrate was free to issue a general decision because neither father nor mother requested that the magistrate issue findings of facts and conclusions of law. The magistrate's decision also incorporated the CSEA Administrative Hearing decision which provided more explanation as to why the court was modifying father's child support payments. Due to the actions of father in failing to file a transcript and request findings of fact and conclusions of law from the magistrate, the trial court was left to review a general decision of the magistrate and the court file. Thus, the court did not err in limiting its review of the objections to the magistrate's decision. *See In re Bunting*, 5th Dist. Delaware No. 99CAF03012, 2000 WL 93674, *3 (Jan. 11, 2000).

{¶ 15} Father's first assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ERRED IN NOT APPLYING OHIO REVISED CODE § 3119.05(I)(2) TO [FATHER'S] CASE.

{¶ 18} Father next challenges the merits of the trial court's decision to modify his child support payments. Father argues that recently amended R.C. 3119.05(I)(2) prohibits finding

a parent who is incarcerated for 12 months or more to be voluntary unemployed. Therefore, in determining an incarcerated parent's child support obligation, the court could not impute income to that parent. The state concedes that R.C. 3119.05(I)(2) generally prohibits the imputation of income to an imprisoned parent but maintains that the statute allows an exception when the court finds that failing to impute income would be "unjust or inappropriate and therefore not in the best interest of the child."

{¶ 19} The decision of a trial court regarding modification of a child support obligation falls within the court's sound discretion, and its decision will not be reversed absent a showing of an abuse of discretion. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997). A court abuses its discretion only when its decision is arbitrary, unconscionable or unreasonable. *McNabb v. McNabb*, 12th Dist. Warren Nos. CA2012-06-056, CA2012-06-057, 2013-Ohio-2158, ¶ 19.

{¶ 20} This case requires us to analyze R.C. 3119.05(I)(2). Statutory interpretation is a matter of law, and therefore requires de novo review. *State v. Kormos*, 12th Dist. Clermont No. CA2011-08-059, 2012-Ohio-3128, ¶ 13. We look to the plain language of the statute to determine the intent of the General Assembly. *State v. Hause*, 12th Dist. Warren No. CA2008-05-063, 2009-Ohio-548, ¶ 13, citing *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81 (1997). A court does not need to interpret a statute "when statutory language is plain and unambiguous and conveys a clear and definite meaning." *Campbell v. City of Carlisle*, 127 Ohio St.3d 275, 2010-Ohio-5707, ¶ 8. When the meaning of the statute is "clear and unambiguous," the statute is to be applied "as written." *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, ¶ 20.

{¶ 21} The modification of a child support order is governed by the requirements of R.C. 3119.79. *Banfield v. Banfield*, 12th Dist. Clermont Nos. CA2010-09-066, CA2010-09-068, 2011-Ohio-3638, ¶ 18. In order to justify the modification of an existing support order,

the moving party must demonstrate a substantial change in circumstances that "render[s] unreasonable an order which once was reasonable." *Id.* R.C. 3119.79(A) provides that a substantial change of circumstances occurs when a court recalculates the actual annual obligation required pursuant to the schedule and worksheet and the resulting amount is ten percent greater or less than the existing actual annual child support obligation. *McLaughlin v. Kessler*, 12th Dist. Fayette No. CA2011-09-021, 2012-Ohio-3317, ¶ 10.

**{¶ 22}** Where the calculation of child support involves a parent who is unemployed or underemployed, the trial court must consider the parent's gross income and "potential income." R.C. 3119.01(C)(5)(b). "Potential income" is income the parent would have earned if he or she had been fully employed. R.C. 3119.01(C)(11). In determining the parent's potential income, the court must first determine whether the parent is voluntarily unemployed or underemployed. *Id.* The court then may impute the potential income to the parent in accordance with the factors enumerated under R.C. 3119.01(C)(11)(a). *Justice v. Justice*, 12th Dist. Warren No. CA2006-11-134, 2007-Ohio-5186, ¶ 8.

**{¶ 23}** R.C. 3119.05(I) has recently been amended and addresses the imputation of income for imprisoned parents. The statute provides,

> (I) *Unless it would be unjust or inappropriate and therefore not in the best interests of the child*, a court or agency shall not determine a parent to be voluntarily unemployed or underemployed and shall not impute income to that parent if either of the following conditions exist:
>
> (1) * * *
>
> (2) The parent is incarcerated or institutionalized for a period of twelve months or more with no other available assets * * *

(Emphasis added.) R.C. 3119.05(I)(2).

**{¶ 24}** R.C. 3119.05(I)(2) clearly prohibits trial courts from determining that a parent is voluntarily unemployed and imputing income to that parent if the parent is imprisoned for a

period of 12 months or more with no other available assets. However, the statute allows an exception when it "would be unjust or inappropriate and therefore not in the best interests of the child." Consequently, a trial court cannot impute income to a parent serving a prison term longer than 12 months with no other available assets *unless* the court determines that failing to impute income would be "unjust or inappropriate and therefore not in the best interest of the child."

{¶ 25} The trial court did not abuse its discretion in modifying father's child support obligation. As discussed above, father failed to file a transcript before the trial court and has not filed a transcript on appeal. Therefore, our review is limited to the record, any exhibits submitted, and the decisions of the administrative officer, magistrate, and trial court. As discussed above, while R.C. 3119.05(I)(2) generally prohibits imputing income to an imprisoned parent, the statute provides an exception when it would be unjust or inappropriate. In this case, the administrative hearing officer found that due to mother's limited income and assets and lack of financial support from her family, failing to impute income to father would be unjust. Mother receives unemployment income of $14,976 yearly and the hearing officer imputed a potential total annual income to her of $16,016. This decision was adopted by the magistrate and incorporated into its decision. Therefore, based upon our limited review the court did not abuse its discretion in imputing income to father while he was in prison and modifying father's child support obligation.

{¶ 26} Father's second assignment of error is overruled.

{¶ 27} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.