[Cite as *Ohio Bar Liab. Ins. Co. v. CCF Dev., L.L.C.*, 2018-Ohio-3988.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| OHIO BAR LIABILITY INSURANCE COMPANY, SUCCESSOR-IN-INTEREST TO JANICE I. NIEMEYER, EXECUTOR OF THE ESTATE OF RUTH Z. FERRELL, DECEASED, et al. | : : : | CASE NOS. CA2017-12-170 CA2017-12-175 |
| Plaintiffs-Appellants, | : | O P I N I O N 10/1/2018 |
| - vs - | : |  |
| CCF DEVELOPMENT, LLC, et al., | : |  |
| Defendants-Appellees. | : |  |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2009-06-2578

McGowan & Jacobs, LLC, Jack C. McGowan, 246 High Street, Hamilton, Ohio 45011, for plaintiff-appellant, Ohio Bar Liability Ins. Co.

Daniel J. Picard, 110 Old Street, Monroe, Ohio 45050, for plaintiffs-appellants, Janice I. Niemeyer and Robert Ferrell

McNamee & McNamee, PLL, Michael P. McNamee, Cynthia P. McNamee, Gregory B. O'Connor, 2625 Commons Blvd., Beavercreek, Ohio 45431, for defendants-appellees, CCF Development, LLC, Liberty Falls LLC, and Liberty Falls of Ohio, LLC

**RINGLAND, J.**

{¶ 1} This is an appeal from a bench trial in the Butler County Court of Common Pleas. For the reasons detailed below, we affirm.

{¶ 2} Janice Niemeyer, as executor for the estate of Ruth Ferrell, filed a declaratory

judgment action against CCF Development, LLC ("CCF"), Todd Crawford, David Chrestensen, and Liberty Falls of Ohio, LLC ("LFO").[1] We have condensed the operative facts below.

{¶ 3} At the center of this case is a real estate transaction. Ruth and her son Robert Ferrell ("Ferrell") owned approximately 3.4 acres of real estate in Butler County ("Property"). Ruth passed away in 2004 and Janice Niemeyer eventually was named executor of Ruth's estate.

{¶ 4} In 2006, Todd Crawford and David Chrestensen approached Ferrell regarding a potential purchase of the Property. The parties reached an agreement where Crawford, Chrestensen, and Ferrell would form an LLC ("LLC-1"), in which Crawford and Chrestensen would each hold a 45 percent interest and Ferrell would hold a 10 percent interest. In theory, LLC-1 would purchase the Property from Ferrell and the Estate for $1,200,000. The next phase of the plan included the formation of a second LLC ("LLC-2"), which would develop the Property and sell it for a profit. LLC-1 was later named CCF and LLC-2 was named Liberty Falls, LLC.

{¶ 5} CCF ultimately purchased the Property for $1,200,000. To facilitate the exchange, CCF executed a mortgage and note to be paid to the Estate. Shortly after executing the note and mortgage, the Estate assigned both instruments to Ferrell and Niemeyer. The mortgage was recorded in the Mortgage Records of Butler County, Ohio at Book 7782, Page 1194. In addition, the assignment was recorded in the same office at Book 7782, Page 1197.

{¶ 6} In 2007, Jerry Vaughn, owner and sole member of LFO inquired about purchasing the Property. At this point, the Property had been improved by a parking lot and some lighting, but did not yet contain any structural buildings. Crawford and Vaughn

---

1. Crawford and Chrestensen both filed for bankruptcy, which stayed litigation for a period of time.

eventually agreed upon a $2,000,000 purchase price for the Property, consisting of $1,200,000 for the land and $800,000 for the improvements.

{¶ 7} On October 30, 2007, because CCF had found a buyer for the Property, Crawford, Chrestensen, and Ferrell assigned their interests in CCF to Liberty Falls.[2]

{¶ 8} On November 6, 2007, CCF transferred its interest in the Property to Liberty Falls via general warranty deed.

{¶ 9} On December 7, 2007, Niemeyer and Ferrell signed a document titled "RELEASE OF MORTGAGE." Whether this document effectively released the mortgage encumbrance on the Property is a central dispute in this litigation.

{¶ 10} Ferrell and Niemeyer denied that they intended to release the mortgage, but instead allege that they signed the release in order to get the "overall plan" of the real estate development completed. The release was prepared by real estate attorney and title agent, Peter Hoshor. The release was atypical for several reasons. First, the release listed Liberty Falls as the mortgagor, as opposed to CCF. In addition, the release contained a legal description for an access easement, as opposed to the actual legal description of the Property. Nevertheless, the release recorded at Book 7973, Page 1612 correctly identified the recording information for the mortgage and note originally granted to the Estate, as well as the correct recording information for the subsequent assignment to Ferrell and Niemeyer. In particular, paragraph five of the note, which was included in both the mortgage and release correctly identifies the parcel number for the Property. The release also contained express language that the release "does hereby release and cancel that certain Mortgage" and stated that the note had been "fully paid and satisfied."

{¶ 11} On December 17, 2007, LFO completed the purchase of the Property and

---

2. Though LFO and Liberty Falls share a similar name, the two companies are unrelated.

Liberty Falls executed a general warranty deed to LFO. The title search did not reveal an outstanding mortgage on the Property, consistent with the release that had been signed ten days prior.

{¶ 12} Subsequently, it was discovered that Ruth had an additional heir at the time of her death, thereby effecting the appropriate administration of her estate. As a result, on March 17, 2009, Niemeyer and Ferrell assigned any remaining interest in the note and mortgage back to the Estate, but retained the right to collect any scheduled payments due between August 2006 and January 2009. The assignment correctly identified the note and mortgage as contained in the book of records and also correctly identified the release by its recording information.

{¶ 13} In August 2009, Ferrell, Niemeyer, and the Estate entered into a settlement agreement and assigned the note and mortgage to the Ohio Bar Liability Insurance Company ("OBLIC"). The assignment of interest identifies the release and states "[n]o representation is made concerning the validity or legal effect of said [r]elease."

{¶ 14} Turning to the present declaratory judgment action, OBLIC alleges that the mortgage release was defective and legally insufficient to release the entire interest encumbered by the mortgage. OBLIC requests an order declaring that the mortgage release was void and of no legal effect. OBLIC was substituted as the plaintiff in this action.

{¶ 15} This matter was tried before a magistrate. The magistrate issued a decision concluding that the release properly terminated the mortgage on the Property and also found that LFO was a bona fide purchaser for the value of the Property and took title free and clear of the mortgage. Therefore, the magistrate denied the request for declaratory judgment.

{¶ 16} Thereafter, the trial court adopted the magistrate's findings of fact and conclusions of law. The entry specified that the mortgage release at issue operated to terminate the mortgage on the Property. Additionally, LFO was a bona fide purchaser for

value and took title to the Property free and clear of the mortgage.

{¶ 17}  OBLIC filed objections to the magistrate's decision on July 19, 2017.  On November 16, 2017, the trial court overruled OBLIC's objections and affirmed the magistrate's decision in its entirety, thus constituting a final appealable order.  OBLIC now appeals, raising four assignments of error.  Niemeyer and Ferrell have also filed assignments of error with this court.

**OBLIC's case**

{¶ 18}  Assignment of Error No. 1:

{¶ 19}  THE TRIAL COURT ERRED TO THE PREJUDICE OF OBLIC BY ITS FAILURE TO CONDUCT AN INDEPENDENT REVIEW AND REACH ITS OWN INDEPENDENT CONCLUSIONS AS REQUIRED BY CIV. RULE 53(D)(4)(d).

{¶ 20}  In its first assignment of error, OBLIC argues the trial court abused its discretion by failing to independently review the record and relying solely upon the magistrate's decision in contravention of Civ.R. 53(D)(4)(d).  In short, OBLIC claims that the trial court "rubber stamped" the magistrate's decision.  In support of this contention, OBLIC alleges that the trial court's judgment entry: (1) "makes no reference to having reviewed the entire record," (2) fails to "mention that the transcript of evidence was reviewed and no claim that the evidence was independently weighed," and (3) "[t]here is no discussion of the testimony of any witness, nor is there a citation to any legal authority."  We find no merit to OBLIC's argument.

{¶ 21}  Civ.R. 53(D)(4)(d) provides:

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the

- 5 -

party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶ 22} The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function. A trial court is not permitted to "merely rubber-stamp" a magistrate's decision. *Pietrantano v. Pietrantano*, 12th Dist. Warren No. CA2013-01-002, 2013-Ohio-4330. A failure of the trial court to rule on the objections and conduct an independent review of the magistrate's recommendations as required by Civ.R. 53(D)(4)(d) is an abuse of discretion. *Id.* An abuse of discretion is more than an error of law or judgment but connotes that the trial court's decision was arbitrary, unreasonable, or unconscionable. *Marcus v. Rusk Heating & Cooling, Inc.*, 12th Dist. Clermont No. CA2012-03-026, 2013-Ohio-528, ¶ 12.

{¶ 23} Ordinarily, a reviewing court will presume that the trial court performed an independent review of the magistrate's decision. *Kairn v. Clark*, 12th Dist. Warren Nos. CA2013-06-059 and CA2013-08-071, 2014-Ohio-1890, ¶ 11. Thus, "the party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform its duty of independent analysis." *Id.*; *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 93. "[S]imply because a trial court adopted the magistrate's decision does not mean that the court failed to exercise independent judgment." *Kairn* at ¶ 11. A trial court may adopt a magistrate's decision in whole or in part pursuant to Civ.R. 53(D)(4)(b) so long as the trial court fully agrees with the magistrate's findings "after weighing the evidence itself and fully substituting its judgment for that of the [magistrate]." *Id.*

{¶ 24} In the present case, the trial court initially adopted the magistrate's decision prior to the filing of objections on June 21, 2017. Thereafter, OBLIC filed objections to the magistrate's decision. The trial court overruled OBLIC's objections in its November 16, 2017 judgment entry. The November 16, 2017 judgment entry specifically states that "[t]he Court

has carefully reviewed the Magistrate's decision, the parties' pleadings, the transcript of the proceedings and the exhibits admitted into evidence."

{¶ 25} On appeal, OBLIC maintains that the trial court's "judgment entry itself demonstrates that there was an inadequate review." Again, OBLIC argues that the judgment entry makes no reference to having reviewed the entire record and alleges the trial court did not reference the transcript, testimony of witnesses, and also failed to cite any legal authority.

{¶ 26} However, to come to this conclusion, OBLIC simply ignores the final judgment entry issued on November 16, 2017. Consistent with Civ.R. 53(D)(4), the trial court adopted the magistrate's decision and when OBLIC filed objections, the trial court undertook an independent review of the record and issued its decision overruling those objections in the November 16, 2017 judgment entry. Furthermore, the fact that the trial court did not cite to any specific portion of the transcript or any exhibit admitted into evidence beyond those relied upon by the magistrate does not demonstrate that the trial court failed to undertake an independent review as to the objected matters. *Cottrell*, 2013-Ohio-2397 at ¶ 94. "'While citing such material would tend to demonstrate that the trial court conducted the requisite independent review, there is no requirement in Civ.R. 53(D)(4)(d) that the trial court do so.'" *Id.*, quoting *Hampton v. Hampton*, 12th Dist. Clermont No. CA2007-03-033, 2008-Ohio-868, ¶ 17.

{¶ 27} Following review of the record, we find no evidence that the trial court merely rubber-stamped the magistrate's decision or failed to conduct an independent review of the record. Contrary to OBLIC's suggestion otherwise, the June 21, 2017 judgment entry adopting the magistrate's decision is not viewed in isolation, as that entry was issued prior to the filing of objections. Upon the filing of objections, the trial court undertook an independent review of the record and issued the final judgment entry. As a result, we find OBLIC's first assignment of error is without merit and it is hereby overruled.

{¶ 28}   Assignment of Error No. 2:

{¶ 29}   THE TRIAL COURT ERRED TO THE PREJUDICE OF OBLIC IN RULING THAT THE MORTGAGE RELEASE AT ISSUE OPERATED TO TERMINATE THE MORTGAGE ON THE PROPERTY.

{¶ 30}   In its second assignment of error, OBLIC argues the trial court erred by determining that the mortgage release Niemeyer and Ferrell signed on December 7, 2007 operated to terminate the mortgage on the Property.  In so doing, OBLIC maintains that the release was ineffective to release the mortgage from CCF to the Estate because the release: (1) named the incorrect mortgagor, (2) incorrectly states that the note securing the mortgage was paid in full, (2) contains an incorrect legal description of the Property, (4) contains improperly acknowledged signatures from Niemeyer and Ferrell, and (5) was unsupported by adequate consideration.  We disagree.

{¶ 31}   A manifest weight challenge in a civil case concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.  *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 12.  In a manifest weight analysis, the reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.  *Id.* at ¶ 20.

{¶ 32}   In the present case, the trial court found that the mortgage release signed by Niemeyer and Ferrell operated to release the mortgage held on the Property.  However, contrary to OBLIC's argument, we find none of the defects alleged operate as a legal impediment to the valid release of the mortgage.

{¶ 33}   Initially, we note that OBLIC attempts to frame this issue as a matter of contract law, which it is not.  A release of a mortgage may be done unilaterally by the

mortgagee and does not require the assent of the mortgagor. *Wead v. Kutz*, 161 Ohio App.3d 580, 2005-Ohio-2921, ¶ 22 (12th Dist.) (purpose of the recording statutes is to "provide notice of the real condition of the land with respect to encumbrances to all interested").

{¶ 34} In contrast, "'[a] contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.' A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Artisan Mechanical, Inc. v. Beiser*, 12th Dist. Butler No. CA2010-02-039, 2010-Ohio-5427, ¶ 26, quoting *Kostelnik v. Helper*, 96 Ohio St. 3d 1, 2002-Ohio-2985, ¶ 16.

{¶ 35} The issue before this court is not a matter of contract law, but rather whether the mortgage release was sufficient to release the Property from the prior mortgage. R.C. 5302.12 provides that a properly executed mortgage is valid when it "in substance" follows the form ascribed therein. The form requires only a "[d]escription of land or interest in land and encumbrances, reservations, and exceptions, if any." *Argent Mtge. Co., LLC v. Drown*, 578 F.3d 487, 490 (6th Cir.2009). On the other hand, a land installment contract must contain a "legal description of the property conveyed." R.C. 5313.02(A)(3). The legislature's choice to require land installment contracts to contain "legal descriptions" while only requiring mortgages to contain a "description" can be assumed to have significance. *Id.*; *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, ¶ 12 ("[n]o part [of a statute] should be treated as superfluous unless that is manifestly required").

{¶ 36} The goal in describing real property in a mortgage is to describe the land well enough "to indicate the land intended to be conveyed, so as to enable a person to locate it." *Roebuck v. Columbia Gas Transm. Corp.*, 57 Ohio App.2d 217, 220 (3d Dist.1977). In other

words, the "purpose of a release is to make the record show that the condition of the mortgage has been performed, and thus give notice to the public of the state of the title. It would seem that the important thing is that the release appear upon the record, and that it be intelligible enough to be understood." *Snyder v. Castle*, 16 Ohio App. 333, 338 (4th Dist.1922).

{¶ 37} Upon review, we agree with the trial court's finding that the release contained sufficient information to put third parties on notice of its existence. In the present case, the release refers to the correct date of the mortgage being released, indicates the correct recording information for the mortgage being released, states that the note had been "fully paid and satisfied," states that the "recorder is hereby authorized to cancel and release the same of record," is appropriately indexed in the recorder's office, contains the signatures of Niemeyer and Ferrell, the mortgagees, and is the only mortgage between the parties recorded in the Butler County Recorder's Office.

{¶ 38} Though the release contained an incorrect legal description of the Property, we agree that does not impact the release's enforceability. In this case, the release specifically referred to the mortgage book and page number, which contained the correct legal description of the Property, and would have apprised any disinterested third party of the mortgage that the release referenced. In short, the record contains ample testimony and documentary evidence to support the trial court's decision. As a result, we find the trial court's decision that the mortgage release operated to extinguish the mortgage on the Property was supported by the weight of the evidence. OBLIC's second assignment of error is overruled.

{¶ 39} Assignment of Error No. 3:

{¶ 40} THE TRIAL COURT ERRED TO THE PREJUDICE OF OBLIC IN DETERMINING THAT LFO WAS A BONA FIDE PURCHASER FOR VALUE OF THE

PROPERTY WHO TOOK TITLE TO THE PROPERTY FREE AND CLEAR OF THE MORTGAGE WHEN LFO WAS ON NOTICE THAT THE MORTGAGE OF RECORD WAS IN THE NAME OF A DIFFERENT PARTY AND PERTAINED TO A SIGNIFICANTLY DIFFERENT LEGAL DESCRIPTION FOR THE PROPERTY.

{¶ 41} In its third assignment of error, OBLIC argues the trial court erred by finding that OBLIC was a bona fide purchaser for value that took title to the Property free and clear of the prior mortgage. However, we disagree with OBLIC's assertion and reiterate our resolution of OBLIC's second assignment of error. In this instance, there is no need to conduct an examination as to whether LFO was a bona fide purchaser for value, as consistent with our finding above, the mortgage release operated as a full discharge of the mortgage on the Property. As a result, we find OBLIC's third assignment of error is without merit and is hereby overruled.

{¶ 42} Assignment of Error No. 4:

{¶ 43} THE MAGISTRATE AND THE TRIAL COURT ERRED TO THE PREJUDICE OF OBLIC IN THE WEIGHT GIVEN TO THE TESTIMONY OF PETER HOSHOR.

{¶ 44} In its fourth assignment of error, OBLIC maintains the trial court placed inappropriate weight on the testimony of Peter Hoshor, an employee of the title company that prepared the release of the mortgage.

{¶ 45} However, the trier of fact is in the best position to observe the witnesses, weigh evidence, and evaluate testimony. Therefore, an appellate court must not substitute its judgment for that of the trial court absent an abuse of discretion. *BAC Home Loans Servicing, L.P. v. Mapp*, 12th Dist. Butler No. CA2013-10-193, 2014-Ohio-2005, ¶ 29. Furthermore, in addition to Hoshor's testimony, there was ample documentary evidence in the form of the mortgage and mortgage release that supports the trial court's decision in reaching its final judgment. OBLIC's argument with respect to the amount of weight placed

on Hoshor's testimony is a matter of pure speculation. As a result, we overrule OBLIC's fourth assignment of error.

**Niemeyer and Ferrell's case**

{¶ 46} Assignment of Error No. 1:

{¶ 47} THE TRIAL COURT ERRED BY DETERMINING THAT ALL CLAIMS UNDER THE PROMISSORY NOTE WERE DISCHARGED WITH THE BANKRUPTCY FILINGS OF CHRESTENSEN AND CRAWFORD.

{¶ 48} Assignment of Error No. 2:

{¶ 49} THE TRIAL COURT ERRED BY DETERMINING THAT CRAWFORD WAS FULLY AUTHORIZED TO SIGN A DEED FROM CCF DEVELOPMENT LLC TO LIBERTY FALLS LLC.

{¶ 50} Assignment of Error No. 3:

{¶ 51} THE TRIAL COURT ERRED BY DETERMINING THAT THE RELEASE OF THE MORTGAGE WAS VALID AND OF LEGAL EFFECT.

{¶ 52} Assignment of Error No. 4:

{¶ 53} THE TRIAL COURT ERRED BY DETERMINING THAT THE INCORRECT LEGAL DESCRIPTION DID NOT AFFECT THE VALIDITY OF THE RELEASE.

{¶ 54} Assignment of Error No. 5:

{¶ 55} THE TRIAL COURT ERRED BY DETERMINING THAT LIBERTY FALLS OF OHIO WAS AN UNRELATED BONA FIDE PURCHASER WITHOUT NOTICE OF ANY MISREPRESENTATION.

{¶ 56} We will address Niemeyer and Ferrell's assignments of error together. As noted in the statement of facts, Niemeyer and Ferrell failed to object to the magistrate's decision and therefore, as this court recently noted in *Aviation Publishing Corp. v. Morgan*,

12th Dist. Warren No. CA2017-12-169, 2018-Ohio-3224, ¶ 12, this court's review is "extremely deferential" to the trial court.

{¶ 57} As noted therein, pursuant to Civ.R 53(D)(3)(b)(iv):

> [e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶ 58} The Ohio Supreme Court has articulated that reviewing courts must "proceed with the utmost caution" when utilizing the civil plain error standard and limit the doctrine "strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St. 3d 116, 121 (1997). "Thus, for a court to find plain error in a civil case, an appellant must establish (1) a deviation from a legal rule, (2) that the error was obvious, and (3) that the error affected the basic fairness, integrity, or public reputation of the judicial process, and therefore challenged the legitimacy of the underlying judicial process." *Aviation Publishing Corp.* at ¶ 12.

{¶ 59} We have reviewed the entirety of the record before this court and find the trial court did not commit plain error. As noted above, the trial court's decision with respect to the validity of the mortgage release was supported by the weight of the evidence. As a result, Niemeyer and Ferrell's second, third, fourth, and fifth assignments of error are similarly without merit. With respect to Niemeyer and Ferrell's first assignment of error, we also conclude that it is without merit. The record reflects that the trial court substituted OBLIC as party plaintiff for Niemeyer as executor of Ruth's estate in an entry dated November 13, 2014. Niemeyer did not object to the trial court's decision until filing a "motion to vacate

judgment" on February 19, 2016. Therefore, Niemeyer's request is untimely. Moreover, Niemeyer and Ferrell were never named as individual parties in this action and their arguments now are not properly before this court. As a result, we find Niemeyer and Ferrell's five assignments of error to be without merit and they are hereby overruled.

**{¶ 60}** Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.