[Cite as *Bacon v. Ohio Dept. of Medicaid*, 2019-Ohio-3226.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STACEY BACON, | : | |
| Appellant, | : | CASE NO. CA2019-01-017 |
| - vs - | : | O P I N I O N<br>8/12/2019 |
| | : | |
| OHIO DEPARTMENT OF MEDICAID, | : | |
| Appellee. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2017-12-2776

Katherine J. Bockbrader, Assistant Attorney General, Health and Human Services Section, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215, for appellee

Webster & Associates, Co., LPA, Geoffrey E. Webster, Mary L. Pisciotta, 17 South High Street, Suite 770, Columbus, Ohio 43215, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Stacey Bacon, appeals from a decision of the Butler County Court of Common Pleas that affirmed an administrative decision issued by the Ohio Department of Job and Family Services ("ODJFS") on behalf of the Ohio Department of Medicaid. ODJFS's decision denied Bacon's request for 84 hours of weekly private duty nursing services on the basis that such services were not medically necessary and Bacon's need for care could be

met through homemaker/personal care providers with medication certification and nursing task delegation.[1]

{¶ 2} Bacon, who is approximately 38 years old, was severely injured in a car accident as a teenager. Bacon is now nonverbal and has diagnoses that include severe traumatic brain injury with severe cognitive deficits and behavioral problems, seizure disorder, use of a g-tube, non-psychiatric brain syndrome, hydrocephalus (acquired), Kluver-Bucy Syndrome, organic personality disorder, neurogenic bladder, aphasia and visual agnosia, a VP shut, and severe gait disturbance.

{¶ 3} Bacon is eligible for Medicaid. For a number of years Bacon received waiver nursing services under the Transition Developmental Disabilities waiver program.[2] This

---

1. R.C. 5160.31(B)(2) authorizes the Ohio Department of Job and Family Services to handle the administrative-appeal process for appeals filed in accordance with R.C. 5101.35 on behalf of the Ohio Department of Medicaid. *Cook v. Ohio Dept. of Job and Family Services*, 10th Dist. Franklin Nos. 14AP-852 and 14AP-853, 2015-Ohio-4966, ¶ 7, fn. 2. *See also Paczko v. Ohio Dept. of Job and Family Services*, 8th Dist. Cuyahoga No. 105783, 2017-Ohio-9024, ¶ 3, fn. 1 ("Although Ohio's Medicaid program is administered by the Ohio Department of Medicaid, the Ohio Department of Job and Family Services acts as the Medicaid department's agent for administrative appeals").

2. "Waiver nursing services" are those "services provided to an individual who requires the skills of a registered nurse or licensed practical nurse working at the direction of a registered nurse." Ohio Adm.Code 5123:2-9-39(20). Waiver nursing services do not include:

> (a) Services delegated in accordance with Chapter 4723. of the Revised Code and rules adopted thereunder, and performed by persons who are not licensed nurses in accordance with Chapter 4723. of the Revised Code;
>
> (b) Services that require the skills of a psychiatric nurse;
>
> (c) Visits performed for the purpose of conducting a registered nurse assessment as set forth in rule 5160-12-08 of the Administrative Code including but not limited to, an outcome and assessment information set or any other assessment;
>
> (d) Registered nurse consultations as set forth in rule 5160-12-08 of the Administrative Code including but not limited to, those performed by registered nurses for the sole purpose of directing licensed practical nurses in the performance of waiver nursing services or directing personal care aides or home health aides employed by a medicare-certified home health agency or otherwise-accredited agency;
>
> (e) Visits performed for the sole purpose of meeting the home care attendant service registered nurse visit requirements set forth in rules 173-39-02.24 and 5160-46-04.1 of the Administrative Code; or

program permitted Bacon to receive private duty nursing ("PDN") from a licensed practical nurse acting at the discretion of a registered nurse for 12 hours a day, seven days a week, for a total of 84 hours per week.[3] The Transition Developmental Disabilities waiver program was phased out and Bacon was enrolled in the Individual Options waiver program in 2017. The Department of Developmental Disabilities ("DODD"), through an interagency agreement with the Ohio Department of Medicaid, administers the Individual Options waiver program.

{¶ 4} As a prerequisite to receiving PDN services under the Individual Options waiver program, an individual must meet certain requirements and must receive PDN authorization from the Ohio Department of Medicaid or its designee. *See* Ohio Adm.Code 5160-12-02.3(A). The Butler County Board of Developmental Disabilities ("BCBODD") was tasked, pursuant to R.C. 5126.055(A)(1), with performing an assessment and evaluation of Bacon so it could make a recommendation to DODD about whether DODD should approve or deny Bacon's application for PDN services. After completing a nursing task assessment, BCBODD recommended Bacon's request be denied.

{¶ 5} Bacon was notified by DODD in March 2017 that her request for 84 weekly hours of PDN services had been denied. DODD determined that Bacon's needs could be met by providers that do not require nursing licensure. Specifically, DODD found that Bacon's needs could be met through the services of Homemaker/Personal Care ("HPC")[4]

---

(f) Services performed in excess of the number of hours approved pursuant to, and as specified in, the individual service plan.

Ohio Adm.Code 5123:2-9-39(20)(a)-(f).

3. "Private duty nursing (PDN)" is a "continuous nursing service that requires the skills of and is performed by either a registered nurse (RN) or a licensed practical nurse (LPN) at the direction of a registered nurse. * * * A covered PDN visit must * * * be more than four hours in length but less than or equal to twelve hours in length per nurse, on the same date or during a twenty-four-hour time period." Ohio Adm.Code 5160-12-02(A).

4. Since 2003, Ohio law has authorized HPC providers to perform certain health related activities and to administer medications, upon completion of required training. *See* R.C. 5123.42. "'Homemaker/personal care' means the coordinated provision of a variety of services, supports, and supervision necessary to ensure the health and welfare of an individual who lives in the community." Former Adm.Code 5123:2-9-30(B)(11). HPC

providers with medication certification and nursing task delegation.[5]

{¶ 6} Bacon disagreed with DODD's denial of PDN hours and timely requested a state hearing on the decision, as permitted by Ohio Adm.Code 5101:6-3-01(B)(6). On May 19, 2017, after an evidentiary hearing, a hearing officer issued a decision sustaining Bacon's appeal. The state hearing decision found that

> [BCBODD] ha[d] not identified a qualified, certified homemaker personal care provider trained to meet [Bacon's] need for care; specifically, there [was] no evidence of a qualified waiver aide authorized (both legally and by the county board) to administer PRN seizure medication or otherwise follow seizure protocol. There [were] no physician's orders or current Plan of Care supporting authorization of a waiver aide to provide [Bacon's] care and ensure health and safety.

The state hearing decision directed BCBODD to complete a new face-to-face assessment of Bacon's need for care, "giving due consideration to all available documentation from [Bacon's] physicians and medical providers." BCBODD was also ordered to "identify services which can be provided through homemaker personal care/delegation with medication certification, as well as those which require provision through waiver nursing, in order to ensure [Bacon's] health and safety."

{¶ 7} BCBODD performed a follow-up in-home nursing task assessment on May 24, 2017 with Bacon, Bacon's parents and guardians, and her independent LPN provider and support coordinator. As a result of this assessment, BCBODD again recommended Bacon's request for 84 hours of weekly PDN services be denied. DODD agreed, finding that the nursing task assessment "[did] not reflect a complexity of care that require[d] continuous

---

providers may provide "[m]edical and health care services that are integral to meeting the daily needs of the individual such as routine administration of medication or tending to the needs of individuals who are ill or require attention to their medical needs on an ongoing basis." Former Adm.Code 5123:2-9-30(B)(11)(f). *See also* Ohio Adm.Code 5123-9-30(B)(10).

5. A "delegation" is "the transfer of responsibility for the performance of a selected nursing task from a licensed nurse authorized to perform the task to an individual who does not otherwise have the authority to perform the task." Ohio Adm.Code 4723-13-01(B).

nursing care." DODD informed Bacon it was terminating the 84 hours of PDN care and replacing it with the services of HPC providers with medication certification and nursing task delegation. Bacon requested a second state hearing on the matter.

{¶ 8} After holding an evidentiary hearing on October 10, 2017, the state hearing officer affirmed DODD's decision. Bacon filed an administrative appeal with ODJFS. On November 16, 2017, ODJFS issued an administrative appeal decision affirming the state hearing decision, finding that "it is permissible to delegate the activities in question [regarding Bacon's care] to HPC individuals. The new assessment has shown that [Bacon's] condition is stable * * * [and her] needs can be met [through] the HPC providers."

{¶ 9} Bacon appealed ODJFS's November 16, 2017 decision to the Butler County Court of Common Pleas. Bacon argued ODJFS's opinion was "not in accordance with the law and [was] not supported by reliable, probative, and substantial evidence." Specifically, Bacon argued the evidence presented before the state hearing officer demonstrated that skilled nursing care and 84 hours of PDN services were medically necessary given her severe medical issues, propensity for seizures, and unstable medication regime, which included the administration of "PRN medication," or "as-needed medication," to control her seizure activity.[6]

{¶ 10} Bacon's appeal was referred to a magistrate, and the parties filed merit briefs on the issues raised in Bacon's appeal. On October 1, 2018, the magistrate issued a decision affirming ODJFS's November 16, 2017 decision to deny Bacon's request for 84 hours of weekly PDN services. The magistrate found that while it was clear from the record that Bacon needs "substantial care," it was also clear that DODD had "fully considered the

---

6. PRN medication derives its name from the Latin phrase *pro re nata*, meaning "as needed." "As-needed medication" is "any medication that is not scheduled to be administered at a routine time, but is given in response to a resident's complaint or expression of discomfort or other indication of a specified condition." Ohio Adm.Code 4723-27-01(C).

severity of Ms. Bacon's medical needs and the level of care necessary to meet those needs." The magistrate concluded that the "[a]dministrative [a]ppeal decision * * * challenged by [Bacon was] supported by reliable, probative, and substantial evidence."

{¶ 11} Bacon filed objections to the magistrate's decision on October 12, 2018, arguing that the decision was contrary to law as it permitted HPC providers, as unlicensed personnel, to administer PRN medication when HPC providers were not authorized to do so under Ohio law or by Bacon's plan of care. Bacon contended that two of her medications, Ativan and Diastat, are controlled substances which make the administration of the medication nondelegable and prohibited from administration by HPC providers. Bacon also objected to the magistrate's decision on the basis that the magistrate and DODD had failed to give proper deference to Bacon's treating and examining physicians regarding the medical necessity of PDN services.

{¶ 12} On October 17, 2018, five days after Bacon filed her objections, the common pleas court adopted the magistrate's decision. The court's entry stated, in whole, as follows:

> This matter is before the Court upon a Magistrate's Decision filed in this case on October 1, 2018. The Court finds that the Magistrate has issued a Decision, and a copy of the Magistrate's Decision has been filed herein. For the reasons more fully set forth within the Magistrate's Decision, the Court hereby ADOPTS the Magistrate's Decision in its entirety in the manner set forth in the Decision.
>
> There is no just reason for delay.
>
> **IT IS SO ORDERED.**

{¶ 13} The court's entry adopting the magistrate's decision was not served on the parties. As a result, on January 19, 2019, the common pleas court set forth an entry directing the clerk of courts to issue service of its October 17, 2018 "Entry Adopting Magistrate's Decision" on the parties. From this entry Bacon timely appealed, raising two assignments of error for review.

- 6 -

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE COMMON PLEAS COURT ERRED BY VIOLATING RULE 53.

{¶ 16} In her first assignment of error, Bacon argues the common pleas court erred by adopting the magistrate's decision without conducting an independent review of the magistrate's recommendations or ruling on her objections.

{¶ 17} Civ.R. 53(D)(4)(d) provides that

> [i]f one or more objections to a magistrate's decision are timely filed, *the court shall rule on those objections.* In ruling on objections, *the court shall undertake an independent review as to the objected matters* to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

(Emphasis added.)

{¶ 18} Therefore, "Civ.R. 53(D)(4)(d) imposes a mandatory duty on the trial court to dispose of a party's timely-filed objections to a magistrate's decision." *Lynch v. Lynch*, 12th Dist. Warren No. CA2006-12-145, 2007-Ohio-7083, ¶ 8. Although not required to "*address* each and every portion of an objection raised by [a] party," the court is nonetheless required to "*rule* on each objection." (Emphasis sic.) *Pietrantano v. Pietrantano*, 12th Dist. Warren No. CA2013-01-002, 2013-Ohio-4330, ¶ 20. A trial court's failure to rule on objections and to conduct an independent review of the magistrate's decision as required by Civ.R. 53(D)(4)(d) constitutes an abuse of discretion. *Ohio Bar Liab. Ins. Co. v. CCF Dev., LLC*, 12th Dist. Butler Nos. CA2017-12-170 and CA2017-12-175, 2018-Ohio-3988, ¶ 22.

{¶ 19} "Ordinarily, a reviewing court will presume that the trial court performed an independent review of the magistrate's decision." *Id.* at ¶ 23, citing *Kairn v. Clark*, 12th Dist. Warren Nos. CA2013-06-059 and CA2013-08-071, 2014-Ohio-1890, ¶ 11. Therefore, "the party asserting error bears the burden of affirmatively demonstrating the trial court's failure to

perform its duty of independent analysis." *Pietrantano* at ¶ 14. "[S]imply because a trial court adopted the magistrate's decision does not mean that the court failed to exercise independent judgment." *Id.* "A trial court may adopt a magistrate's decision in whole or in part pursuant to Civ.R. 53(D)(4)(b) so long as the court fully agrees with the magistrate's findings 'after weighing the evidence itself and fully substituting its judgment for that of the [magistrate.]'" *Kairn* at ¶ 11, quoting *Pietrantano* at ¶ 14.

**{¶ 20}** Under the facts presented in this case, we find that Bacon has affirmatively demonstrated that the trial court failed to perform its duty of an independent review and failed to rule on her objections. Bacon's objections were timely filed on Friday, October 12, 2018. Five days later, the trial court adopted the magistrate's decision in a brief entry that did not (1) note that objections had been filed, (2) mention or discuss the merits of the objections, (3) rule on the objections, (4) indicate it had conducted an independent review of the matters objected to, or (5) reference any specific portion of the transcript or any exhibit admitted into evidence that would tend to demonstrate the court conducted the requisite independent review.[7]

**{¶ 21}** Accordingly, as the trial court failed to comply with the requirements of Civ.R. 53(D)(4)(b), we find the court abused its discretion. *See Lynch*, 2007-Ohio-7083 at ¶ 8-9; *Batty v. Batty*, 12th Dist. Butler No. CA2017-10-151, 2018-Ohio-4934, ¶ 9. Bacon's first assignment of error is therefore sustained, the trial court's decision adopting the magistrate's October 1, 2018 decision is reversed, and the matter is remanded for the trial court to review and rule on Bacon's objections in accordance with Civ.R. 53(D)(4)(d).

---

7. Compare the present case to *Hampton v. Hampton*, 12th Dist. Clermont No CA2007-03-033, 2008-Ohio-868, ¶ 16-17, where we found that although the trial court had not cited to any specific portion of the transcript or any exhibit admitted into evidence in overruling appellant's objections, the court had nonetheless demonstrated it had conducted an independent analysis where it stated the "objection is not well taken as the Court finds the Decision of the Magistrate to be supported by the evidence presented." Unlike in *Hampton*, the trial court did not mention that any objection had been filed, did not rule on the objection, and did not indicate it had independently reviewed any evidence presented in the case.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ERRED BY AFFIRMING APPELLEE'S ELIMINATION OF BACON'S PDN HOURS.

{¶ 24} In her second assignment of error, appellant argues the trial court erred in affirming the ODJFS's decision to eliminate 84 hours of weekly private duty nursing services on the basis that such services were not medically necessary and Bacon's needs could be met through the use of HPC providers with medication certification and nursing task delegation. However, in light of our resolution of Bacon's first assignment of error, we find this assignment of error is moot and need not be addressed. *See* App.R. 12(A)(1)(c).

{¶ 25} Judgment reversed and the matter remanded for further proceedings consistent with this opinion.

RINGLAND and PIPER, JJ., concur.